Gary M. Kaplan (State Bar No. 155530)
gkaplan@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Proposed Attorneys for Debtor in Possession
YELLOW CAB COOPERATIVE, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>YELLOW CAB COOPERATIVE, INC.,[1]<br><br>Debtor. | Case No. 16-30063<br><br>Chapter 11<br><br><u>HEARING</u><br>Date: January 26, 2016<br>Time: 10:30 a.m.<br>Place: 450 Golden Gate Avenue<br>San Francisco, CA<br>Courtroom: 17<br>Judge: Hon. Dennis Montali |

**MOTION OF THE DEBTOR TO APPROVE STIPULATION WITH
FIRST REPUBLIC BANK FOR USE OF CASH COLLATERAL AND
PROVIDING ADEQUATE PROTECTION PURSUANT TO STIPULATION**

**INTRODUCTION AND SUMMARY OF REQUESTED RELIEF**

Yellow Cab Cooperative, Inc., the debtor in possession herein ("<u>Yellow Cab</u>" or the "<u>Debtor</u>") in the above-captioned Chapter 11 case (the "<u>Chapter 11 Case</u>"), hereby submit this motion (the "<u>Motion</u>") for entry of an order (the "<u>Order</u>") approving its request to use cash

---

[1] The last four digits of the Debtor's tax identification number are 7102. The location of the Debtor's headquarters and service address is 1200 Mississippi Street, San Francisco, CA 94107.

collateral pursuant to 11 U.S.C. §363(c) to pay ongoing operating expenses after approval through preliminary and final hearings. The Debtor proposes to use cash collateral in normal operations pending the date of a final hearing according to the operating budget (the "Budget") attached as Exhibit "A" to the Stipulation for Use of Cash Collateral (the "Stipulation") attached hereto as Exhibit 2.[2] The Debtor also requests approval to use cash collateral pursuant to the Stipulation and Budget on a final basis. In support of this Motion, the Debtor respectfully represents[3]:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND

#### A. Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Sections 105(a), 363(b), and 507(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

#### B. Factual Background

4. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtor continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee, examiner, creditors' committee, or other official committee has been appointed in the Debtor's Chapter 11 Case.

---

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Stipulation.
[3] The facts and circumstances supporting this Motion are set forth in the Declaration of Pamela Martinez in Support of First Day Motions (the "First Day Declaration"), filed contemporaneously herewith, deemed incorporated herein.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTOR'S MOT. FOR USE OF CASH COLLATERAL PER STIPULATION - 2 -

7. A description of the Debtor's business, capital structure, and the circumstances leading to the Chapter 11 filing is set forth in the First Day Declaration.

**C.** **Relief Requested**

8. First Republic Bank ("FRB" or "Lender") is the Debtor's primary secured creditor, pursuant to an August 31, 2012 Loan Agreement between the parties. As of the Petition Date, the principal balance owed by the Debtor under the Loan Agreement is approximately $93,864, with interest accruing at 5.25% per annum, which loan matures on May 31, 2016. Pursuant to the Loan Agreement and related documents (collectively, the "Loan Documents") (copies attached hereto as Exhibit 1), FRB has a perfected first-priority security interest in virtually all of the Debtor's assets, including its "cash collateral" as such term is defined in Bankruptcy Code Section 363.

9. The Debtor has entered into the Stipulation with FRB, subject to Court approval, to permit the Debtor to use cash collateral in the ordinary course of business during this Chapter 11 Case, subject to the Budget and other requirements. Pursuant to this Motion, the Debtor seeks approval of the Stipulation and authority to use cash collateral pursuant to Bankruptcy Code Section 363(c) and the related adequate protection to be provided to FRB.

**II.** **INTRODUCTORY STATEMENT/CERTIFICATION UNDER CASH COLLATERAL GUIDELINES**

The following statement is made for purposes of compliance with Section B of this District's Guidelines for Cash Collateral & Financing Motions & Stipulations (the "Guidelines"):

**Name of Each Entity With an Interest in the Cash Collateral**

First Republic Bank ("Lender") has an interest in Cash Collateral of the Debtor.

**Purposes for the Use of the Cash Collateral**

Cash collateral is to be used in the ordinary course for operations of the business of the Debtor, which provides taxicab transportation services in the San Francisco, California area.

**Terms, Including Duration, of the Use of Cash Collateral**

Cash collateral is to be used to pay operating expenses in the ordinary course so long as monthly adequate protection payments are made to Lender. Use of cash collateral may continue

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTOR'S MOT. FOR USE OF CASH COLLATERAL PER STIPULATION

- 3 -

Case: 16-30063  Doc# 9  Filed: 01/22/16  Entered: 01/22/16 18:41:17  Page 3 of 9

until the earlier of: the effective date of a Chapter 11 plan of reorganization confirmed in the Case, the dismissal of the Case or conversion of the Case to Chapter 7 of the Bankruptcy Code.

**Liens, Cash Payments, Or Other Adequate Protection**

Lender shall receive monthly adequate protection payments equal to the regular debt service payments owed by the Debtor under the Loan Documents in the amount of approximately $28,500 per month, along with payment of certain fees and expenses, and a replacement lien on Collateral, with a back-up super-priority claim to the extent that adequate protection proves inadequate as measured by a decline in the value of Lender's Collateral as of the Petition Date. The replacement lien shall attach only to the collateral of the kind and character to which Lender's liens would have attached pre-petition (and not to claims or causes of action possessed by Debtor's bankruptcy estate under Sections 506(c), 544, 545, 547, 548, 549, 553(b), or 723 and 724 or the proceeds therefrom), and shall be subordinate to Carve-Out Expenses (including the compensation and expenses (excluding professional fees), of any subsequently-appointed trustee in the bankruptcy case, and certain unpaid professional fees and disbursements incurred by the Debtor and the Committee).

The undersigned Certifying Professional has read this Motion (including the foregoing Introductory Statement) and the accompanying Stipulation for Use of Cash Collateral; to the best of my knowledge, information and belief, formed after reasonable inquiry, the terms of the relief sought in the Motion or Stipulation are in conformity with the Court's Guidelines For Cash Collateral And Financing Motions And Stipulations, except as otherwise noted herein.  I understand and have advised the Debtor that the Court may grant appropriate relief under Bankruptcy Rule 9024 if the Court determines that a material element of the Motion or Stipulation was not adequately disclosed in the Introductory Statement.

Dated: January 22, 2016

FARELLA BRAUN + MARTEL LLP

By: /s Gary M. Kaplan
Gary M. Kaplan

Attorneys for Debtor in Possession
YELLOW CAB COOPERATIVE, INC.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEBTOR'S MOT. FOR USE OF CASH COLLATERAL PER STIPULATION

- 4 -

Case: 16-30063    Doc# 9    Filed: 01/22/16    Entered: 01/22/16 18:41:17    Page 4 of 9

## III. DISCLOSURES UNDER CASH COLLATERAL GUIDELINES

The following disclosures are made for purposes of compliance with Guideline C of the Guidelines.[4]

| TERM | DESCRIPTION | LOCATION IN DOCUMENT |
|---|---|---|
| Adequate protection or priority for claim arising prepetition, including granting of lien on property of estate or use of estate property to make payment on such claim | Postpetition Lien on Collateral of the kind and character to which Lender's liens attached prepetition to the extent of diminution in value of prepetition Collateral. | Stipulation §2.1 |
| | Superpriority administrative claim to the extent of diminution in value of prepetition Collateral per Bankruptcy Code Sections 503(b) & 507(b). | Stipulation §2.2.6 |
| | Regular debt service payments (currently, approximately $28,500 monthly) and other amounts payable under Loan Documents; payment of Lender's postpetition legal expenses. | Stipulation §§2.2.1-2.2.4 |
| Determination regarding validity, perfection, priority or amount of claim arising prepetition or lien securing such claim | If no Lender Claim Objection is timely filed (or a Lender Claim Objection is timely filed but is denied), Lender's prepetition claim deemed allowed in full, and liens in favor of Lender encumbering assets of Debtor deemed senior, valid, perfected, and unavoidable. | Stipulation §4.3 |
| Waiver or modification of automatic stay or other Bankruptcy Code provisions | During the Operative Period, Debtor waives any rights to seek authority to incur financing or indebtedness from any other party other than Lender that includes the granting of liens, claims or interests in favor of such other party that are senior or *pari pasu* with the liens in favor of Lender. | Stipulation §4.1 |
| Waiver or modification of Debtor's authority to file plan, right to seek extension of exclusivity period or right to request use of cash collateral | Upon Notice of Default, Debtor prohibited from further use of Cash Collateral without further consent of Lender or order of the Court; Debtor may bring emergency motion within cure period (3 business days) to contest validity of the default. | Stipulation §5.2 |

---

[4] The following chart summarizes certain material provisions of the Stipulation. In the event of any inconsistency with the Stipulation, the terms and conditions of the Stipulation shall control.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTOR'S MOT. FOR USE OF CASH COLLATERAL PER STIPULATION

- 5 -

Case: 16-30063   Doc# 9   Filed: 01/22/16   Entered: 01/22/16 18:41:17   Page 5 of 9

| | | |
|---|---|---|
| | During the Operative Period, Debtor waives any rights to seek authority to use Cash Collateral on terms other than those set forth in this Stipulation, except under exigent circumstances. | Stipulation §4.1 |
| Waiver or modification of applicability of nonbankruptcy law relating to perfection of a lien on property of the estate, or on foreclosure or other lien enforcement | Entry of the Agreed Order will constitute conclusive evidence of the perfection, of the Postpetition Lien, without any further act required under nonbankruptcy law. | Stipulation §2.1.3 |
| Release, waiver or limitation on any claim or cause of action belonging to the estate, including any modification of deadline to commence an action | If no Lender Claim Objection is timely filed (or a Lender Claim Objection is timely filed but is denied), Lender's prepetition claim deemed allowed in full, and liens in favor of Lender encumbering assets of Debtor deemed senior, valid, perfected, and unavoidable. | Stipulation §4.3 |
| Release, waiver or limitation of any right under Bankruptcy Code Section 506 | No administrative expenses incurred during Operative Period may be charged against Lender or the Collateral pursuant to Section 506(c). | Stipulation §4.1 |
| Carve-outs for professionals' fees and expenses | Debtor may use Cash Collateral to pay following Carve-Out Expenses: U.S. Trustee fees pursuant to 28 U.S.C. § 1930(a); reasonable fees and expenses incurred by subsequently appointed trustee (excluding professional fees); unpaid professional fees and disbursements incurred by Debtor and Committee in compliance with Budget, incurred prior to Event of Default; and unpaid professional fees and disbursements incurred by Debtor and the Committee after Event of Default, to extent approved by Court. | Stipulation §1.1.2.1 |

### A. Other Material Provisions Of Cash Collateral Stipulation

In addition to those terms summarized above, the Stipulation provides for the Debtor to use Cash Collateral in the operation of its businesses in accordance with the Budget (with expenditures not to exceed 115% of the budgeted amount on a line item basis, or 110% on an aggregate basis), to make regular debt service payments to FRB (as well as certain other specified

DEBTOR'S MOT. FOR USE OF CASH COLLATERAL PER STIPULATION - 6 -

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Case: 16-30063   Doc# 9   Filed: 01/22/16   Entered: 01/22/16 18:41:17   Page 6 of 9

expenditures), and to pay the Carve Out Expenses.  FRB's consent to the use of Cash Collateral is conditioned on there being no Event of Default, which is defined to include: (a) the Debtor's breach of the Stipulation; (b) the granting in favor of another party of a lien on the Debtor's property, or a claim having priority over the security interests and claims in favor of FRB; (c) conversion of this Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code or dismissal of this Chapter 11 Case; (d) appointment of a trustee in the Chapter 11 Case; or (e) any stay, reversal or rescission of the terms of the Agreed Order, or any modification of its terms that is not reasonably acceptable to Lender.

The Debtor is required to provide weekly reports to FRB of actual versus budgeted cash flows.  The Debtor also must furnish FRB upon request with copies of the monthly operating reports and other financial reports filed with the Office of the U.S. Trustee or the Court.  The Stipulation also includes customary terms and conditions (e.g., Debtor's insurance coverage, FRB's access to Debtor's business premises, Collateral and related books and records).

## IV. DISCUSSION

### A. The Debtor's Use Of FRB's Cash Collateral Is Justified Because FRB's Interest Is Adequately Protected And It Has Also Consented To Such Use

Bankruptcy Code Section 363(a) defines "cash collateral" in relevant part as follows:

> "[C]ash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property . . . subject to a security interest as provided in section 552(b) of [the Bankruptcy Code], whether existing before or after the commencement of a case under [the Bankruptcy Code].

11 U.S.C. §363(a).

In view of FRB's security interest in virtually all of the Debtor's assets pursuant to the Loan Documents, the cash generated through operating of its business constitutes "cash collateral" securing the obligations owing to FRB.

Bankruptcy Code Section 363(c)(2) provides in relevant part:

> (2) The trustee may not use . . . cash collateral under paragraph (1) of this subsection unless –

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEBTOR'S MOT. FOR USE OF CASH COLLATERAL PER STIPULATION

- 7 -

Case: 16-30063    Doc# 9    Filed: 01/22/16    Entered: 01/22/16 18:41:17    Page 7 of 9

> (A) each entity that has an interest in such cash collateral consents; or
>
> (B) the court, after notice and a hearing, authorizes such use . . . in accordance with the provisions of this section.

11 U.S.C. §363(c)(2).

As discussed above, pursuant to the Stipulation, FRB has consented to the Debtor's use of Cash Collateral, subject to the terms and conditions therein. Thus, the Debtor submits that it may use Cash Collateral pursuant to Section 363(c)(2)(A).

Alternatively, the Court should authorize the Debtor to use Cash Collateral under Section 363(c)(2)(B), in view of FRB's interest being adequately protected in accordance with Bankruptcy Section 361. Section 361 provides in relevant part:

> When adequate protection is required under Section . . . 363 . . . of [the Bankruptcy Code] of an interest of an entity in property, such adequate protection may be provided by-
>
> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that . . . use, sale or lease under Section 363 of [the Bankruptcy Code] . . . results in a decrease in the value of such entity's interest in such property;
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property . . . .

11 U.S.C. §363(c)(2).

As discussed above, the Stipulation provides adequate protection of FRB's interest, including by the Debtor making monthly adequate protection payment equal to the regular debt service owed to FRB, and by granting FRB the Postpetition Lien to the extent of any diminution in the value of its Collateral, as well as a back-up super priority administrative claim. Accordingly, the Debtor submits that FRB's interest is adequately protected.

### B. Interim and Final Approval Of Debtor's Cash Collateral Use

Bankruptcy Rule 4001(b)(2) permits the Court to authorize the interim use of cash collateral "as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b)(2). As discussed above, the Debtor seeks authority to use FRB's Cash Collateral to avoid immediate and irreparable harm to pay necessary expenses in

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTOR'S MOT. FOR USE OF CASH COLLATERAL PER STIPULATION - 8 -

Case: 16-30063   Doc# 9   Filed: 01/22/16   Entered: 01/22/16 18:41:17   Page 8 of 9

normal operations in accordance with the Budget (including employee compensation and benefits, rent for real property utilized by the Debtor, permit rent for use of medallions owned by drivers, taxes and license fees, fuel and parts for the Debtor's vehicle fleet, and debt service payments to the financiers of the Debtor's vehicle fleet), pending a final hearing on the Motion, pursuant to Rule 4001(b)(2). In conjunction therewith, the Debtor also requests that it be authorized to grant the Postpetition Lien to FRB pending a final hearing.

### C. Notice

Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) FRB; and (c) the Debtor's twenty largest unsecured creditors. In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

### D. No Prior Request

The Debtor has not previously sought the relief requested herein from this or any other court.

WHEREFORE, the Debtor prays that the Court enter its Order as follows:

(a) Approving the Stipulation, the use of cash collateral and adequate protection provided therein on an interim basis pending a final hearing;

(b) Setting a final hearing for approval of the Stipulation;

(c) At the final hearing, approving the Stipulation, the use of cash collateral and adequate protection on a final basis for the duration of the Stipulation; and

(d) For such other and further relief as the Court deems just and proper.

Dated: January 22, 2016                           FARELLA BRAUN + MARTEL LLP


                                                  By:   /s Gary M. Kaplan
                                                          Gary M. Kaplan
                                                  Proposed Attorneys for Debtor in Possession
                                                  YELLOW CAB COOPERATIVE, INC.

32416\5231893.1

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTOR'S MOT. FOR USE OF CASH COLLATERAL PER STIPULATION - 9 -

Case: 16-30063   Doc# 9   Filed: 01/22/16   Entered: 01/22/16 18:41:17   Page 9 of 9