LEADER-PICONE & YOUNG, LLP
MALCOLM LEADER-PICONE (State Bar No. 104620)
1970 BROADWAY, SUITE 1030
OAKLAND, CA 94612
TELEPHONE: 510-444-2404
FACSIMILE: 510-444-1291
EMAIL: mlp@leader-picone.com

Attorneys for Claimant
JARED HAWKLEY

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | ) Case No. 16-30063 |
| YELLOW CAB COOPERATIVE, INC. | ) Chapter 11 |
| Debtor, | ) **MOTION FOR LEAVE TO FILE LATE CLAIM AND MEMORANDUM IN SUPPORT THEREOF.** |
| Tax I.D. No.:XX-XXX-7102 | ) Date: July 22, 2016<br>) Time: 10:00 a.m.<br>) Judge: Hon. Dennis Montali<br>)        450 Golden Gate Avenue<br>)        Courtroom 17, 16th Floor<br>)        San Francisco, CA 94102 |

/ / / /

/ / / /

/ / / /

---

**MOTION FOR LEAVE TO FILE LATE CLAIM**  Case No. 16-30063

Case: 16-30063   Doc# 203   Filed: 06/15/16   Entered: 06/15/16 15:59:42   Page 1 of 9

# MEMORANDUM

## I. PRELIMINARY STATEMENT.

Claimant Jared Hawkley was injured by a taxi belonging to the debtor, Yellow Cab Collective, Inc. ("Yellow Cab") on April 30, 2014. Despite the fact that Mr. Hawkley had submitted a claim for the accident to Yellow Cab in May of 2014, Yellow Cab did not schedule Mr. Hawkley's claim and did not give Mr. Hawkley notice of the filing of its Chapter 11 case. Most importantly, Yellow Cab did not give Mr. Hawkley notice of the claims bar date of May 16, 2016 until after the bar date had already past. Consequently, Mr. Hawkley is seeking leave to file a late claim, in the interests of justice and to avoid violation of Mr. Hawkley's right to due process.

## II. STATEMENT OF FACTS.

The following facts are taken from the Declaration of Frank Liuzzi ("*Liuzzi Declaration*" or "*Liuzzi Decl.*"), who is Mr. Hawkley's state court counsel, submitted herewith:

1. On April 30, 2014, at the intersection of Terry A Francois Boulevard and China Basin Street, in the City and County of San Francisco, a Yellow Cab driven by Robert G. Miller negligently collided with Jared Hawkley, who was lawfully riding his bicycle, causing severe physical injuries to Mr. Hawkley. *Liuzzi Decl.*, ¶ 2.

2. On May 7, 2014, just a week after the accident, Frye Claims Consultation & Administration, Inc. of Hayward, California ("Frye Claims"), the claims administrator for Yellow Cab contacted Mr. Hawkley to discuss Mr. Hawkley's claim for damages arising out of the April 30, 2014 accident. Attached as Exhibit "A" to the *Liuzzi Declaration* are true and correct copies of correspondence between Mr. Hawkley and Frye Claims from May 7, 2014 through December 31, 2014, reflecting Yellow Cab's knowledge of Mr. Hawkley's claim. *Liuzzi Decl.*, ¶ 3.

3. On January 22, 2016, Yellow Cab filed its Chapter 11 Voluntary Petition. *Docket,* Item 1.

4. On March 3, 2016, Mr. Hawkley retained Frank Liuzzi and the firm of Liuzzi, Murphy, Solomon Churton & Hale, LLP to represent him with respect to his personal injury claim

against Yellow Cab and Robert G. Miller. *Liuzzi Decl.*, ¶ 4.

5. On March 28, 2016, Mr. Liuzzi filed a personal injury action against Yellow Cab and Robert G. Miller in the San Francisco Superior Court entitled *Jared Hawkley v. Robert G. Miller, Yellow Cab Cooperative, Inc., et al*., San Francisco Superior Court, Case No.: CGC-16-551190. At the time the complaint was filed, Mr. Liuzzi and Mr. Hawkley had no knowledge that Yellow Cab had filed for Chapter 11 bankruptcy protection. *Liuzzi Decl.*, ¶ 5 and *Exh.* "B".

6. On April 1, 2016, Mr. Liuzzi spoke to Rico Maestri of Frye Claims and advised Mr. Maestri of the filing of the lawsuit. In this conversation with Mr. Liuzzi on April 1, 2016, Mr. Maestri advised Mr. Liuzzi that Yellow Cab was in bankruptcy, but that Frye Claims was handling what he called the "run off claims" for Yellow Cab. Mr. Maestri requested that Mr. Liuzzi send him a settlement demand on behalf of Mr. Hawkley. Mr. Maestri explained to Mr. Liuzzi that, once he receives a settlement demand, he forwards it to Yellow Cab, who then will advise him if the claim falls under the bankruptcy or not. Mr. Maestri told Mr. Liuzzi that there was no way for Frye Claims to know whether the claim fell under the bankruptcy until they are presented with a demand. Mr. Maestri insisted that he was not aware of how Yellow Cab determined whether or not its bankruptcy impacted a particular claim. Mr. Liuzzi, being a personal injury attorney with no familiarity with bankruptcy procedures, accepted what Mr. Maestri was telling him. *Liuzzi Decl.*, ¶ 6.

7. During the April 1, 2016 conversation Mr. Maestri did not advise Mr. Liuzzi that there was, or had been, a claims bar date fixed in the Yellow Cab bankruptcy. *Liuzzi Decl.*, ¶ 7.

8. On May 31, 2016, Mr. Liuzzi sent a settlement demand to Mr. Maestri via email; to which Mr. Maestri responded by email on June 3, 2016, with a letter in which Frye Claims informed Mr. Liuzzi for the first time about the Yellow Cab bankruptcy. Mr. Maestri's letter included a copy of the Notice of Chapter 11 Bankruptcy Case, showing a deadline to file proof of claim on May 16, 2016. *Liuzzi Decl.*, ¶ 8 and *Exh.* "C".

/ / / /

/ / / /

### III. ARGUMENT.

#### A. MR. HAWKLEY WAS NOT GIVEN NOTICE OF THE CLAIMS BAR DATE AND SHOULD BE GRANTED LEAVE TO FILE HIS CLAIM.

The Bankruptcy Code provides that all creditors must receive 20 days notice of, among other things, the meeting of creditors (which establishes the 90 day period for filing claims in a chapter 7, 12 or 13 case) and the time for filing claims in a chapter 9 or 11 case but it does not define the term "notice." *Fed. R. Bankr. P*. 2002. Although notice is not defined by the Bankruptcy Code, bankruptcy courts "sensibly assume that the general norms of fair notice, as set forth in *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 489-91, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 797-800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and other such cases, apply to bankruptcy as to other settings in which a person's legal right is extinguished if he fails to respond to a pleading." *Fogel v. Zell*, 221 F.3d 955, 962 (7th Cir. 2000).

At least six Circuit Court of Appeals, including the Ninth Circuit, abide by the majority rule that a creditor has a right to formal notice of the bankruptcy proceedings before his claims are barred forever. See *Paging Network, Inc. v. Nationwide Paging, Inc*., 534 F.3d 76, 83 (1st Cir. 2008); *In re Harbor Tank Storage Co*., 385 F.2d 111, 115 (3d Cir. 1967); *Fogel v. Zell*, 221 F.3d 955, 964 (7th Cir. 2000); *In re Maya Constr. Co.,* 78 F.3d 1395, 1399 (9th Cir. 1996); *In re Unioil*, 948 F.2d 678, 684 (10th Cir. 1991); *In re Spring Valley Farms, Inc*., 863 F.2d 832, 835 (11th Cir. 1989); contra*, In re Christopher*, 28 F.3d 512, 518 (5th Cir. 1994). As the Ninth Circuit has explained, "if a known contingent creditor is not given formal notice, he is not bound by an order discharging the bankruptcy's obligations . . . . The fact that a creditor has actual knowledge that a Chapter 11 bankruptcy proceeding is going forward involving a debtor does not obviate the need for notice." *In re Maya Constr. Co*., 78 F.3d at 1399.

The Supreme Court has held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all

the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

As the Ninth Circuit held in *In re Maya Constr. Co.*, 78 F.3d at 1398-1399, "[Yellow Cab] was required to file a list of all creditors and a schedule of liabilities and assets. 11 U.S.C. § 521(1). The debtor lists the creditors, so it is the debtor's knowledge of a creditor, not the creditor's knowledge of his claim, which controls whether the debtor has a duty to list that creditor."

As the Supreme Court explained in New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 297 (1953):

> Nor can the bar order against New York be sustained because of the city's knowledge that reorganization of the railroad was taking place in the court. The argument is that such knowledge puts a duty on the creditors to inquire for themselves about possible court orders limiting the time for filing claims. But even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred. . . .
>
> The statutory command for notice embodies a basic principle of justice - that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *Id*. at 296-97.

Here, Yellow Cab had notice of Mr. Hawkley's claim in May 2014, well before its bankruptcy, yet it did not list Mr. Hawkley as a creditor so that the Court did not send Mr. Hawkley notice of the bankruptcy filing and the claims bar date. Lack of knowledge of the bankruptcy and of the bar date has been held to constitute "excusable neglect so as to warrant extension of the bar date in a Chapter 11 case. *In re First Magnus Fin. Corp.*, 415 B.R. 416, 422-423 (Bankr. D. Ariz. 2009), citing *In re Dix*, 95 B.R. 134 (9th Cir. BAP 1988). As explained in *In re First Magnus Fin. Corp.*, *supra*:

> In chapter 11 cases, "known" creditors are entitled to formal notice of the bankruptcy and claims date. See *In re Maya*, 78 F.3d 1395, 1398 (9th Cir. 1996), *cert. denied*, 519 U.S. 862, 117 S. Ct. 168, 136 L. Ed. 2d 110 (1996). A debtor must list all creditors whose identity and claim are known. 11 U.S.C. § 521(a). Even contingent and disputed creditors must be scheduled, and the fact that there might be thousands of creditors does not lessen the debtor's duty to file a list of creditors. See *In re Circle K Corp.*, 198 B.R. 784, 790 (Bankr. D. Ariz. 1996). "The burden is on debtor to give formal notice. A creditor who is not given notice, even with actual knowledge of the case, does not have a duty to investigate and inject himself into the proceedings." *Id*. at 789 (citing *Maya*

*Constr.*, 78 F.3d at 1399). 415 B.R. at 422-423.

Accordingly, where, as here, the creditor was not provided notice of the bankruptcy and bar date in time to file a timely claim, the Court must grant leave to file a late claim under Bankruptcy Rule 3003(c)(3).

## IV. CONCLUSION.

For the foregoing reasons, Mr. Hawkley respectfully asks the Court to grant him leave to file a late claim.

DATED: June 15, 2016.  LEADER-PICONE & YOUNG, LLP


BY: /s/ *Malcolm Leader-Picone (104620)*
    MALCOLM LEADER-PICONE
    Attorneys for Claimant
    JARED HAWKLEY

# PROOF OF SERVICE BY MAIL

I, Malcolm Leader-Picone, declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within action. My business address is 1970 Broadway, Suite 1030 Oakland, CA 94612. On June 15, 2016, I served the following document(s) entitled:

**MOTION FOR LEAVE TO FILE LATE CLAIM AND MEMORANDUM IN SUPPORT THEREOF.**

upon the attached Service List by first class mail, pursuant to the Court's January 28, 2016 Order limiting notice, as set forth in the Notice of Procedures to Limit Notice.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on June 15, 2016.

/s/ *Malcolm Leader-Picone (104620)*
Malcolm Leader-Picone

PROOF OF SERVICE — Case No. 16-30063

*In re Yellow Cab Cooperative, Inc.*
Case No. 16-30063

## Service List

*U.S. Trustee:*
Lynette C. Kelly, Esq.
Office of The United States Trustee
1301 Clay Street, Suite 690N
Oakland, CA 94612-5231

*Counsel for Committee of Unsecured Creditors:*
John D. Fiero
John W. Lucas
Jason Rosell
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7436
Philadelphia, PA 19101-7346

Internal Revenue Service
Attention: Insolvency — 1400S
1301 Clay Street
Oakland, CA 94612-5217

## Special Notice

*Counsel for Secured Creditor First Republic Bank:*
Edward J. Tredinnick, Esq.
Greene Radovsky Maloney & Share, LLP
Four Embarcadero Center, Suite 4000
San Francisco, CA 94111

*Counsel for Ida Christina Cruz Fua:*
David J. Cook
Cook Collection Attorneys
165 Fell Street
San Francisco, CA 94102

*Counsel for Ida Christina Cruz Fua:*
Todd P. Emanuel, Esq.
702 Marshall Street, Suite 400
Redwood City, CA 94063

John A. Vos
Attorney at Law
1430 Lincoln Avenue
San Rafael, CA 94901

*Counsel for AmTrust North America, Inc.:*
Alan C. Hochheiser
Buckley King LPA
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, OH 44114-2652

*Counsel for Ralph Oliverio:*
Jennifer C. Hayes
Dentons US LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, CA 94105

*Counsel for Ford Motor Credit Company:*
Austin P. Nagel
Law Offices of Austin P. Nagel
111 Deerwood Road, Suite 305
San Ramon, CA 94583

*Counsel for First National Bank of Northern California:*
Dennis D. Miller
Lubin Olson & Niewiadomski LLP
600 Montgomery Street, 14th Floor
San Francisco, CA 94111

*Counsel for Creditor Tanya Renee Thienngern:*
Richard A. Luftman
Nielsen & Rogers LLP
21700 Oxnard Street, 7th Floor
Woodland Hills, CA 91367

*Counsel for Tire Sales & Leasing Company, Inc.:*
Dominique A. Sopko
Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street, #290
San Jose, CA 95113

| | | |
|---|---|---|
| 1 | *Counsel for Creditor Tanya Renee Thienngern:*<br>Lawrence E. Biegel | *Counsel for Creditor Tanya Renee Thienngern:*<br>Anabelle Wilson |
| 2 | The Biegel Law Firm<br>2801 Monterey-Salinas Highway, Suite A | A.R. Wilson & Associates<br>P.O. Box 90157 |
| 3 | Monterey, CA 93940 | Pasadena, CA 91107 |
| 4 | *Counsel for United Taxicab Workers, Marshall Childs, David Barlow and David Schneider*: | *Counsel for Creditor Tanya Renee Thienngern:*<br>Peter Koenig |
| 5 | Jonathan Siegel, Esq.<br>Siegel Lewitter Malkani | Walker Hamilton & Koenig LLP<br>50 Francisco Street, Suite 460 |
| 6 | 1939 Harrison Street, Suite 307<br>Oakland, CA 94612 | San Francisco, CA 94133 |
| 7 | | |
| 8 | *Counsel for Vincent Lee:*<br>Scott Jordan | *Counsel for Creditor Tanya Renee Thienngern:*<br>James M. Lauderdale |
| 9 | Dunning Law Firm<br>2000 Van Ness Avenue, Suite 602 | Lauderdale Law Offices<br>150 Carmelito Avenue |
| 10 | San Francisco, CA 94109 | Monterey, CA 93940 |
| 11 | Southern Counties Oil Co.<br>Attn: Robert W. Bollar, Corporate Sec. | Bankruptcy Administration<br>GE Capital Information Technology Solutions |
| 12 | 1800 W. Katella Avenue, Suite 400<br>Orange, CA 92867 | c/o A Ricoh USA Program fdba IKON Financial Services |
| 13 | | 1738 Bass Road<br>P.O. Box 13708 |
| 14 | | Macon, GA 31208-3708 |
| 15 | *Counsel for SF Industrial, LLC:*<br>A. Kenneth Hennesay | *Counsel for Taxi Property Company, LLC:*<br>John H. MacConaghy |
| 16 | Allen Matkins Leck Gamble<br>1900 Main Street, Fifth Floor | MacConaghy & Barnier, PLC<br>645 First Street West, Suite D |
| 17 | Irvine, CA 92614 | Sonoma, CA 95476 |