

**Signed and Filed: October 19, 2016**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re )
 ) Bankruptcy Case
YELLOW CAB COOPERATIVE, INC., ) No. 16-30063DM
aka All Taxi Electronics, )
 )
 Debtor. ) Chapter 11
_____)

**SUPPLEMENT TO THE COURT'S ORAL RULING ON THE COMMITTEE'S MOTION TO FURTHER INVESTIGATE, COMMENCE, PROSECUTE AND SETTLE LITIGATION ON BEHALF OF THE BANKRUPTCY ESTATE**

For the reasons announced on the record at a hearing on August 26, 2016, the court ruled that it would grant the Motion of the Official Committee of Unsecured Creditors (the "Committee") for Authority to Further Investigate, Commence, Prosecute and Settle Litigation on Behalf of Bankruptcy Estate Against (I) Taxi Property Company, LLC and its Subsidiaries and Affiliates, (II) Member Medallion Holders, and (III) Directors and Officers of the Debtor (the "Litigation Motion") [Dkt. No. 227]. It entered an order to that effect on September 12, 2016 [Dkt. No. 302].

Yellow Cab Cooperative, Inc. ("Debtor") thereafter filed a motion for additional findings regarding the court's ruling on the Litigation Motion (the "Findings Motion")[Dkt. No. 281], which the court heard on September 30, 2017.  While the court believes that additional findings are unnecessary, it nonetheless is

supplementing its ruling and the September 12, 2016, order by this Supplement.

Debtors-in-possession have "an obligation to pursue all actions that are in the best interests of creditors and the estate" and an unsecured creditors' committee has a close identity of interests with the DIP in this regard." *In re Spaulding Composites Co., Inc.*, 207 B.R. 899, 904 (9th Cir. BAP 1997). "So long as the bankruptcy court exercises its judicial oversight and verifies that the litigation is indeed necessary and beneficial, allowing a creditors' committee to represent the estate presents no undue concerns." *Id.* Without determining the ultimate outcome of any such efforts, the court finds that the theories of recovery and litigation proposed (and ultimately filed) by the Committee are viable and beneficial and that such litigation is necessary to the estate. More importantly, the court finds that the Debtor is not in the best position to pursue the litigation, as many members of its management could be targets of such avoidance litigation.

In *In re Parmetex, Inc.*, 199 F.3d 1029, 1031 (9th Cir. 1999), the Ninth Circuit permitted a creditor to pursue an avoidance action where a chapter 7 trustee had consented to such prosecution. Although Debtor has not consented here, the reliance on and adoption by the Ninth Circuit of other cases demonstrates that a creditor (here, the Committee) can seek and obtain court leave to prosecute causes of action belonging to a trustee or debtor-in-possession:

> Although Defendants are correct that a trustee must generally file an avoidance action under Chapter 7, we

Case: 16-30063    Doc# 375    Filed: 10/19/16    Entered: 10/20/16 09:10:04    Page 2 of 5

> hold that under these particular circumstances-where the trustee stipulated that the Creditors could sue on his behalf and the bankruptcy court approved that stipulation-the Creditors had standing to bring the suit. *See In re Curry and Sorensen*, 57 B.R. 824, 828 (9th Cir. BAP 1986) ("[t]he exclusive power to commence avoidance actions vested in trustees and debtors-in-possession is permissive rather than mandatory ... [T]he creditor may move to ... gain court permission to institute the action itself."). *See also In re Enserv Co., Inc.*, 64 B.R. 519 (9th Cir. BAP 1986) (following *In re Curry*), *aff'd by mem.*, 813 F.2d 1230 (9th Cir. 1987); *In re The Gibson Group, Inc.*, 66 F.3d 1436, 1442 (6th Cir. 1995) ("a creditor may have standing to file an avoidance action if the bankruptcy court determines that certain conditions exist and certain prerequisites are met"); *In re Natchez Corp. of West Virginia*, 953 F.2d 184, 187 (5th Cir. 1992) ("A creditor may [institute an action under section 549] on behalf of the trustee or debtor-in-possession if it has moved the bankruptcy court for authorization to do so"); *In re Xonics Photochemical, Inc.*, 841 F.2d 198, 203 (7th Cir. 1988) (creditor could have asked the bankruptcy court to allow it to bring a form of derivative suit in the name of the debtor); *In re Vogel Van & Storage, Inc.*, 210 B.R. 27 (N.D.N.Y. 1997) (upholding bankruptcy court's authorization of suit by creditor because "nothing in the Bankruptcy Code indicates that a trustee cannot authorize a creditor to litigate an avoidance action on the trustee's behalf").

*Parmetex, Inc.*, 199 F.3d at 1031.

In support of its reasoning, the Ninth Circuit first cited the BAP's *Curry* decision, 57 B.R. at 828. There, the BAP held that the limitation on creditors to pursue claims belonging to the estate or trustee "is cushioned by the duty imposed on a trustee to investigate the conduct of prior management to uncover and pursue causes of action against the debtor's officers and directors." *Id.* "While pursuant to Section 1107(a) of the Code, a debtor in possession is not required to investigate and report under Sections 1106(a)(3) and (4), the debtor's directors bear essentially the same fiduciary obligation to creditors and

Case: 16-30063    Doc# 375    Filed: 10/19/16    Entered: 10/20/16 09:10:04    Page 3 of 5

shareholders as would a trustee for a debtor out of possession."
*Id.*

> [I]f an aggrieved creditor believes that the debtor-in-possession has failed to fulfill its duty to prosecute actions, then the creditor must bring this to the attention of the court by an appropriate motion. This promotes the fair and orderly administration of the bankruptcy estate by providing judicial supervision over the litigation to be undertaken. (Citations omitted). This judicial intervention is crucial, for resolution of the conflict between the creditor and the debtor-in-possession requires a balancing of the competing interests to determine whether or not the debtor-in-possession's failure to bring the action is unjustifiable and therefore constitutes an abuse of discretion. (Citation omitted). At such a hearing the court can determine if the initiation of such an action at that time would forward the reorganization effort, or to the contrary, might be a detriment.

*Id.* (emphasis added). Here, Debtor has not commenced any actions against those that may have been the beneficiaries of preferential or fraudulent transfers, and the court finds that the current management of debtor are not in the position to vigorously pursue such actions as they are potential defendants. The Sixth Circuit's decision in *Gibson Group*, another case upon which the Ninth Circuit relied in *Parmetex*, is the one most cited by courts in addressing the ability of creditors' committees to pursue claims that are ordinarily prosecuted by debtors-in-possession or trustees. The Sixth Circuit held that the existence of a conflict of interest by debtor's management in addition to the debtor's failure to pursue colorable claims provides sufficient reason to allow a creditor's committee to prosecute such claims. *Gibson Grp., Inc.*, 66 F.3d at 1442–43. There is no need to make any further analysis, whether on a cost-benefit basis or otherwise. The Debtor is insolvent and the Committee (or a trustee if one is

-4-

appointed and the authority to prosecute is no longer left with the Committee) is able to make such an analysis if and when appropriate. The conflicts that prospective defendants have disqualify them from making such an analysis or the critical decisions that follow.

    The claims asserted by the Committee appear colorable, the Debtor has thus far refused to initiate such claims, and some members Debtor's management appear to have a vested interest in delaying or stopping such litigation. Therefore, under *Parmetex, Curry*, and *Gibson Group*, the Committee should have been (and was) granted leave to pursue the avoidance claims.

*** END OF SUPPLEMENT ***

Case: 16-30063    Doc# 375    Filed: 10/19/16    Entered: 10/20/16 09:10:04    Page 5 of 5