JOHN P. STROUSS, III (SBN 221723)
**LAW OFFICES OF JOHN P. STROUSS, III**
819 Eddy Street
San Francisco, CA 94109
Tel: (415) 771-6174
Fax: (415) 236-6102
Email: john@johnstrousslaw.com

Attorneys for XIZI HUANG

UNITED STATES BANKRUPTCY COURT

NORTHER DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | CASE NO.16-30063 |
| YELLOW CAB COOPERATIVE, INC., | Chapter 11 |
| Debtor | RS No. JPS-001 |
| | **MOTION FOR RELIEF FROM AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| | (B.L.R. 4001-1) |
| | Hearing Date: January 12, 2017<br>Hearing Time: 9:30 a.m.<br>Ctrm: 17, 16th Floor<br>Judge: Dennis Montali<br>Place: 450 Golden Gate Ave., San Francisco, CA 94102 |

XIZI HUANG, Movant herein, hereby moves the court for an order terminating the automatic stay provisions of 11 U.S.C. §362 to permit Movant to pursue her personal injury claims against the above-captioned debtor, to the extent of insurance coverage, in an action to be filed in state court as described in the motion. Movant further moves the court for an order approving the stipulation for relief from stay between Movant, Debtor, and the Committee of

1
**MOTION FOR RELIEF FROM AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Creditors that is attached as **Exhibit E** to the accompanying Declaration of John P. Strouss, III.

This motion is made for cause pursuant to 11 U.S.C. §362(d)(1) to grant Movant Relief from stay to commence litigation in the Superior Court of San Francisco County, California (or other appropriate court of competent jurisdiction) against the debtor and prosecute the claim to final judgment for the purpose of obtaining available insurance proceeds. Movant is informed and believes that the debtor is insured by a policy of insurance of $1,000,000 per incident. In addition, the claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum. Further, the Bankruptcy Court lacks jurisdiction over personal injury claims pursuant to 28 U.S.C §157(b)(5). Thus, the Movant cannot pursue or liquidate her personal injury claims before this Bankruptcy Court. Furthermore, prior to the appointment of the Chapter 11 Trustee, the relief requested herein was mutually agreed to by the Debtor, Movant, and the Committee of Unsecured Creditors.

Dated: December 23, 2016        LAW OFFICES OF JOHN P. STROUSS, III

BY: /s/ John P. Strouss, III
JOHN P. STROUSS, III
Attorneys for Movant,
XIZI HUANG

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

A. Movant XIZI HUANG alleges that on August 17, 2015, she was injured in a motor vehicle collision that occurred in the City and County of San Francisco. Movant was a passenger in a vehicle operated by Ganesh Guryng. The vehicle was owned by Yellow Cab. Movant alleges that Ganesh Guryng's negligence was the proximate cause of the personal injuries Movant sustained in the collision. A true and correct copy of the Traffic Collision Report made by the SFPD in relation to the collision is attached as **Exhibit A** to the accompanying Declaration of John P. Strouss, III.

B. Movant retained John P. Strouss, III of the Law Offices of John P. Strouss, III to represent her for her bodily injury claim. John P. Strouss, III contacted Ganesh Guryng's

insurance carrier Wesco Insurance Company ("WESCO") to open a bodily injury claim.

C. On September 22, 2015, North American Risk Services ("NARS") sent an acknowledgement letter, stating it was the third-party claims administrator for WESCO.

D. NARS provided John P. Strouss, III with a copy of an insurance declaration page indicating that Debtor has a $1,000,000.00 per accident liability policy with WESCO that covers Movant's personal injury claims. A true and correct copy of the insurance declaration page is attached as **Exhibit B** to the accompanying Declaration of John P. Strouss, III.

E. On January 22, 2016 (the "Petition Date"), the Debtor commenced the above-captioned case (the "Bankruptcy Case") by filing a Chapter 11 petition in the above-captioned Court.

F. On January 26, 2016, a Notice of Chapter 11 Bankruptcy Case (Docket No. 24) was filed in the Bankruptcy Case. That notice established the deadline to file proofs of claim against the Debtor (the "Bar Date") as May 16, 2016.

G. Movant did not receive notice of the Bar Date, as she was not scheduled in the Debtor's Schedules, or listed on the Debtor's Master Mailing Matrix.

H. In numerous communications between John P. Strouss, III and the NARS adjuster both before and after the Bar Date, the NARS adjuster never mentioned or gave notice of the Bankruptcy Case or Bar Date.

I. On August 4, 2016, John P. Strouss, III sent a settlement demand to NARS for $246,354.53. The NARS adjuster offered $42,000.00 in response to the demand. On September 15, 2016, NARS sent a letter reiterating its $42,000.00 offer.

J. As John P. Strouss, III was preparing to file a lawsuit on Movant's behalf against Ganesh Guryng and Yellow Cab in September 2016, he became aware that Movant was a creditor of Yellow Cab in the Bankruptcy Case. A true and correct copy of the complaint that Movant intends to file in San Francisco Superior Court, assuming relief from stay is granted, is attached as **Exhibit C** to the accompanying Declaration of John P. Strouss, III.

K. On September 19, 2016, after the Bar Date, Movant filed a proof of claim (Proof of Claim No. 284) for "Personal Injury—Motor Vehicle" for $246,354.53. A true and correct copy

of the Proof of Claim is attached as **Exhibit D** to the accompanying Declaration of John P. Strouss, III.

L.  After filing her claim, Movant requested the consent of the Debtor and the Committee of Unsecured Creditors to allow her to modify the automatic stay to proceed with her personal injury case, and requested that the parties deem Movant's claim to be timely filed.

M.  After good faith, arm's-length discussions of the matter, the Movant, Debtor, and the Committee of Unsecured Creditors agreed, subject to Court approval, that the automatic stay with respect to the Movant should be modified to allow Claimant to proceed with her personal injury claim against Debtor, solely limited to pursuing recovery from applicable insurance coverage, if any, subject to the terms and conditions of the Stipulation, and the approval of the Stipulation by the United States Bankruptcy Court presiding over the Chapter 11 Case. The parties also stipulated that Movant's claim would be deemed to be timely filed. Attached as **Exhibit E** to the accompanying declaration of John P. Strouss, III is a true and correct copy of the Stipulation For Relief From Automatic Stay.

N.  After Movant stipulated to the relief from automatic stay with Debtor and the Committee of unsecured creditors, the Chapter 11 Trustee was appointed.

## II. RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C.§362(d)(1) IS APPROPRIATE

Section 362(d)(1) provides in pertinent part as follows:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . .

The Bankruptcy Court lacks jurisdiction over personal injury claims pursuant to 28 U.S.C. § 157(b)(5). Thus, the Movant cannot pursue or liquidate her personal injury claims before this Bankruptcy Court. By this Motion, the Movant seeks relief from the automatic stay for the purpose of allowing the Movant to commence litigation in the San Francisco Superior

Court and to liquidate any claims against the Debtor in order to pursue funds available from Debtor's insurance policy.

"Cause" is not defined by the Bankruptcy Code. Consequently, a bankruptcy Court must decide what constitutes "cause" to lift the automatic stay on a case-by-case basis. *See Izzarelli v. Rexene Prod. Co.* (*In re Rexene Prod. Co.*), 141 B.R. 574, 576 (Bankr. D.Del. 1992). According to the Court in *Rexene*, the legislative history of Section 362 of the Bankruptcy Code provides that cause may be established by a single factor such as "a desire to permit an action to proceed. . . in another tribunal" or "lack of any connection with or interference with the pending bankruptcy case." *Rexene*, 141 B.R. at 576 (citing H.R. rep. No.95-595, 95th Cong., 1st Sess., 343-344 (1977)). Courts determine what constitutes "cause' based on the totality of the circumstances in each particular case. *Baldino v. Wilson*, 116 F.3d 87, 90 (3d Cir. 1997).

In this case, Movant will limit any recovery from the resulting litigation to either the extent of the applicable insurance coverage or to any settlement obtained between the Debtor's insurance company and the Movant.

Finally, allowing the Case to continue in a state court forum would also serve the interests of judicial economy because doing so would obviate the need to potentially remove the Case to, or to litigate the Case before, this Court.

Accordingly, Movant respectfully submits that cause exists to modify the automatic stay on the terms set forth in the Stipulation for Relief From Stay (including, but not limited to, the term that Movant's claim will be deemed timely filed), and that relief from stay under 11 U.S.C. §362(d)(1) is appropriate.

## II. NO PRIOR REQUEST

No prior request for the relief sought in this Motion has been made to this or any other court.

Dated: December 23, 2016      LAW OFFICES OF JOHN P. STROUSS, III

By: /S/ John P. Strouss, III
JOHN P. STROUSS, III
Attorneys for Xizi Huang

5
MOTION FOR RELIEF FROM AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT