ANDREW D. CASTRICONE (SBN 154607)
acastricone@grsm.com
DANIEL. D. O'SHEA (SBN 238534)
doshea@grsm.com
MIGUEL A. SALDAÑA (SBN 299960)
masaldana@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Movants JOHNSON AKINBODUNSE;
NASSER BASTANMEHR; PETER DEEME; TOM DIESSO;
NATHAN DWIRI; ESTATE OF LOUIS MOSS; ESTATE OF
JAMES STEELE; ESTATE OF RICHARD WIENER; MARCELO
FONSECA; JAMES GILLESPIE; MAURICE HAROLD;
DENNIS KORKOS; TIM LAPP; ALI MALIK; PAMELA
MARTINEZ; LAKEW MELESE, HAL MELLEGARD; SHELDON
MILLER; JOHN NAKIS; GERARD NOLOT; NICK OLSON;
EUGENE PAN; STEVE REIMERS; ZUHAR SINADA; LAWRENCE
SONG; ARTHUR TSE; and GENE WISHNOFF

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Yellow Cab Cooperative, Inc.<br><br>Debtor. | CASE NO. 16-30063 DM<br>Chapter 11<br><br>**MOTION FOR ORDER AUTHORIZING INSURANCE PAYMENTS FOR DEFENSE, OR IN THE ALTERNATIVE, MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 19, 2018<br>Time: 9:30 a.m.<br>Place: 450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Courtroom: 17 (16th Floor)<br><br>Judge: Hon. Dennis Montali |

Movants Johnson Akinbodunse; Nasser Bastanmehr; Peter Deeme; Tom Diesso; Nathan Dwiri; Louis Moss; James Steele; Estate Of Richard Wiener; Marcelo Fonseca; James Gillespie; Maurice Harold; Dennis Korkos; Tim Lapp; Ali Malik; Pamela Martinez; Lakew Melese, Hal Mellegard; Sheldon Miller; John Nakis; Gerard Nolot; Nick Olson; Eugene Pan; Steve Reimers; Zuhar Sinada; Lawrence Song; Arthur Tse; and Gene Wishnoff (collectively, "Movants" or

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

"Defendants") hereby move for an order authorizing payment for the defense of individual insureds named in the state court action, San Francisco County Superior Court Case No. CGC-18-563681 ("State Court Action") filed by Chapter 11 Trustee Randy Sugarman ("Trustee" or "Plaintiff"). This Motion requests that Defendants be allowed to receive payment for their defense under a director and officer liability policy, or in the alternative, for relief from the automatic stay for use of policy proceeds for their defense. This Motion also seeks a waiver of the 14-day stay under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

This Motion is made on the grounds that causes exists to life the automatic stay because former directors and officers of the Debtor Yellow Cab Cooperative, Inc. named in the State Court Action will be prejudiced if they are left without a defense.

This Motion is based upon Section 362(d)(1) of the Bankruptcy Code, the points and authorities, the Declaration of Miguel A. Saldana, all pleadings and records on file in this case, and such oral and/or documentary evidence as may be presented at or prior to the hearing on this Motion.

DATED: July 5, 2018                    GORDON REES SCULLY MANSUKHANI, LLP

By:  /s/   Miguel A. Saldana
         Miguel A. Saldana
Attorneys for Movants JOHNSON AKINBODUNSE; NASSER BASTANMEHR; PETER DEEME; TOM DIESSO; NATHAN DWIRI; LOUIS MOSS; JAMES STEELE; ESTATE OF RICHARD WIENER; MARCELO FONSECA; JAMES GILLESPIE; MAURICE HAROLD; DENNIS KORKOS; TIM LAPP; ALI MALIK; PAMELA MARTINEZ; LAKEW MELESE, HAL MELLEGARD; SHELDON MILLER; JOHN NAKIS; GERARD NOLOT; NICK OLSON; EUGENE PAN; STEVE REIMERS; ZUHAR SINADA; LAWRENCE SONG; ARTHUR TSE; and GENE WISHNOFF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Johnson Akinbodunse; Nasser Bastanmehr; Peter Deeme; Tom Diesso; Nathan Dwiri; Louis Moss; James Steele; Estate Of Richard Wiener; Marcelo Fonseca; James Gillespie; Maurice Harold; Dennis Korkos; Tim Lapp; Ali Malik; Pamela Martinez; Lakew Melese, Hal Mellegard; Sheldon Miller; John Nakis; Gerard Nolot; Nick Olson; Eugene Pan; Steve Reimers; Zuhar Sinada; Lawrence Song; Arthur Tse; and Gene Wishnoff (collectively, "Movants" or "Defendants") move this Court for an order authorizing it to pay Defense Expenses on behalf of former directors and an officer of the Debtor Yellow Cab Cooperative, Inc. ("YCC" or "Debtor"), named as defendants in the state court action titled *Randy Sugarman, Chapter 11 Trustee for Yellow Cab Cooperative, Inc. v. Hal Mellegard, Nathan Dwiri, et al.* with San Francisco County Superior Court Case No. CGC-18-563681 ("State Court Action").

## II. BACKGROUND

On January 22, 2016, Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing a chapter 11 bankruptcy. On November 15, 2016, the Bankruptcy Court ordered the appointment of Randy Sugarman as Chapter 11 Trustee ("Trustee" or "Plaintiff").

On January 16, 2018, the Chapter 11 Trustee Randy Sugarman ("Trustee" or "Plaintiff") filed the State Court Action against the directors and officers of YCC on claims of Breach of Fiduciary Duty, Avoidance of Voidable Transfers, Recovery of Avoided Transfers, Corporate Waste, Unjust Enrichment, Violation of California Corporations Code Section 12200 et seq., and Negligence. A true and correct copy of the Complaint is attached to the Declaration of Miguel A. Saldana ("Saldana Declaration") as **Exhibit 1**. As of the date of this Motion, Defendants have answered the Trustee's complaint and the parties are engaging in discovery.

Travelers Casualty and Surety Company of America ("Travelers") retained Gordon Rees Scully Mansukhani, LLP ("GRSM") as litigation counsel to represent Defendants in the State Court Action based on a Director and Officers Liability insurance policy ("D&O Policy") issued by Travelers to Yellow Cab Cooperative, Inc. A true and correct copy of the D&O Policy is

attached to the Saldana Declaration as **Exhibit 2**.

The D&O Policy has an aggregate limit of $1,000,000, with a supplemental personal indemnification limit of liability of $500,000. Under the terms of the D&O Policy, an "Insured Person" means any natural person who was, is or becomes a duly elected or appointed member of the board of directors or officer. Movants qualify as Insured Persons as all of them were at one point prior to the State Court Action directors and/or officers of Debtor.

In an abundance of caution, Movants seek an order from this Court authorizing the payment of Defense Expenses under the D&O Policy in connection with the defense in the State Court Action. Alternatively, Movants seek relief from the automatic stay to allow payments of such Defense Expenses.

## III. ARGUMENT

### A. Cause Exists for Granting Relief From the Automatic Stay

Once a bankruptcy petition is filed, an automatic stay is imposed on most actions against the debtor. Bankruptcy Code § 362(a) provides, in pertinent part, that a petition "operates as a stay, applicable to all entities, of…any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a). Although courts have differed in concluding whether a directors and officer insurance policy constitutes property of the estate, the Ninth Circuit has held that such policies could be treated as property of the bankruptcy estate under Section 541. *See In re Minoco Grp. of Cos.*, 799 F.2d 517, 519 (9th Cir. 1986).

Movants suggest that the D&O Policy does not constitute property of the estate, but even assuming that it does constitute property of the estate, Section 362(d)(1) of the Bankruptcy Code states that the automatic stay may be lifted for cause. 11 U.S.C. § 362(d)(1). Specifically, Section 362(d)(1) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; ....

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

"Cause" for lifting the automatic stay "is determined on a case-by-case basis. *In re Tucson*, 912 F.2d 1162, 1166 (9th Cir. 1990); *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 352 (9th Cir. 1996). Bankruptcy courts have found "cause" to lift the automatic stay in order to allow a payment under a directors and officers liability insurance policy, even where the policy provides coverage to the debtor. See *In re Mila, Inc.*, 423 B.R. 537, 543-544 (9th Cir. BAP 2010); *In re Cybermedica, Inc.*, 280 B.R. 12, 18 (Bankr. D. Mass. 2002); *In re Hoku Corp.*, No. 13-40838-JDP, 2014 Bankr. LEXIS 1167, at *12 (Bankr. D. Idaho Mar. 25, 2014).

In *In re Mila*, where the debtor corporation holding a D&O policy that would be eroded by defense payments filed for bankruptcy, the corporate officers facing lawsuits related to their actions on the corporation's behalf were granted relief from the automatic stay to obtain advance defense costs payments from the insurer under the policy, even where the D&O policy proceeds are deemed estate property. In determining whether to grant relief from the stay, the court must balance the harm to the debtor if the stay is modified against the harm to the directors and officers if they are prevented from enforcing their rights to defense costs. *In re Mila*, 423 B.R. at 543-544. The bankruptcy court found that the director had incurred legal fees and other expenses related to defending the lawsuit and that the likelihood that the director would exhaust the $1 million policy appeared to be remote. The bankruptcy court granted relief from the automatic stay to allow the director to receive defense costs payments from the insurer. The Bankruptcy Appellate Panel affirmed.

Similarly, in *In re Cybermedica*, the court granted two directors relief from stay to obtain payments from the insurer for defense costs incurred in defending against the trustee's action. 280 B.R. at 17. The bankruptcy court concluded that cause existed to lift the stay, reasoning:

> The directors and officers] may suffer substantial and irreparable harm if prevented from exercising their rights to defense payments. [The directors and officers] are in need now of their contractual right to payment of defense costs and may be harmed if disbursements are not presently made to fund their defense of the Trustee's Complaint. Additionally, the harm to the Debtor if relief from stay is granted is speculative given the fact that there are presently no claims for indemnification nor entity coverage....

1 *Id.* at 18; *see also Allied Digital Techs. Corp.*, 306 B.R. 505, 514 (Bankr. D. Del. 2004)
2 (insurance proceeds held not property of estate, but even if they were, automatic stay was lifted
3 when directors or officers face immediate harm and there was no evidence that coverage for the
4 debtor will be necessary).

5     In this case, causes exists for an order authorizing payment of the Defense Expenses on
6 behalf of Movants in order to defend themselves in the State Court Action. Without such
7 payments, the Debtor's former directors and officers face the prejudice of potential inability to
8 defend themselves against these claims. Thus, to the extent that relief from the automatic stay is
9 required, Movants request an order lifting the automatic stay to allow payment of such Defense
10 Expenses.

**B. The Order Should Take Immediate Effect**

12     Federal Rule of Bankruptcy Procedure 4001(a)(3) states, in pertinent part, that an order
13 "granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is
14 stayed until the expiration of 14 days after the entry of the order, unless the court orders
15 otherwise." Fed. R. Bankr. P. 4001(a)(3). In the State Court Action, the Trustee and Defendants
16 are currently moving forward with extensive discovery efforts. As a result, Movants respectfully
17 request that the Court order that the stay under Rule 4001(a)(3) not apply to the order granting
18 this Motion.

**IV. CONCLUSION**

20     For the reasons stated above, Movants (i.e. Defendants in the State Court Action and
21 former directors and officers) respectfully request that this Court enter an order authorizing
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Travelers to pay Defense Expenses incurred or to be incurred by Defendants, with no stay on the effect of the order pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

DATED: July 5, 2018                GORDON REES SCULLY MANSUKHANI, LLP

By:   /s/   Miguel A. Saldana
         Miguel A. Saldana
Attorneys for JOHNSON AKINBODUNSE; NASSER BASTANMEHR; PETER DEEME; TOM DIESSO; NATHAN DWIRI; LOUIS MOSS; JAMES STEELE; ESTATE OF RICHARD WIENER; MARCELO FONSECA; JAMES GILLESPIE; MAURICE HAROLD; DENNIS KORKOS; TIM LAPP; ALI MALIK; PAMELA MARTINEZ; LAKEW MELESE, HAL MELLEGARD; SHELDON MILLER; JOHN NAKIS; GERARD NOLOT; NICK OLSON; EUGENE PAN; STEVE REIMERS; ZUHAR SINADA; LAWRENCE SONG; ARTHUR TSE; and GENE WISHNOFF