AARON HANCOCK (SBN 160937)
BISHOP | BARRY
A Professional Law Corporation
6001 Shellmound Street, Suite 875
Emeryville, California 94608

Telephone: (510) 596-0888
Facsimile: (510) 596-0899
E-mail: ahancock@bishop-barry.com

Special counsel for Chapter 11 Trustee
Randy Sugarman

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE YELLOW CAB COOPERATIVE, INC., aka ALL TAXI ELECTRONICS,<br><br>    Debtor. | Case no. 16-30063 DM<br><br>Chapter 11 / Hearing requested<br><br>**FINAL APPLICATION BY AARON HANCOCK FOR PAYMENT AS AN EXPENSE OF ADMINISTRATION; DECLARATIONS IN SUPPORT**<br><br>Date: August 31, 2018<br>Time: 9:30 a.m.<br>Courtroom: 17 San Francisco (Montali) |

Comes now Aaron Hancock of Bishop | Barry and applies to the United States Bankruptcy Court, pursuant to 11 U.S.C. Section 503(b)(4), for an order approving on a final basis: (1) the interim payment of $11,180.00 in fees and costs awarded per the court's order of January 19, 2018 and (2) the $29,235.33 in fees and costs sought with this application.

**1    INTRODUCTION**.

The Applicant is Aaron Hancock of Bishop | Barry, a professional law corporation. On October 20, 2017, the United States Bankruptcy Court approved, *nunc pro tunc*, applicant's employment as special counsel for Trustee Randy Sugarman. The application for compensation is the second filed by the Applicant. With this application, the Applicant seeks payment of

$29,235.33 consisting of $26,390.00 in attorneys' fees for services rendered and $2,845.33 in costs incurred between November 1, 2017 and June 30, 2018.

Applicant has not received any compensation from the bankruptcy estate or from any other source for services rendered or costs advanced in this bankruptcy case.

**2    REQUEST FOR COMPENSATION**.

As detailed on the invoices submitted as Exhibit "B" to the declaration of Aaron Hancock, the Applicant has spent 81.2 total hours of time during the application period performing services on behalf of the Trustee. The time spent by the Applicant was necessary and reasonable to accomplish the tasks provided to the applicant by the Trustee.

No agreement has been made by the Applicant and/or his law firm and no understanding exists with respect to a division of fees with any third person or persons. The only agreement the Applicant has entered into with respect to fees or compensation to be paid has been with the Trustee. That agreement duly was submitted to the court with the Trustee's original application for appointment of the Applicant as special counsel.

**3    DESCRIPTION OF SERVICES**.

Ongoing services provided by the Applicant fall into the following general categories:

•Insuring that notices of automatic stay are filed in Superior Court actions against Yellow Cab Cooperative, Inc. and that no state court proceedings to perfect judgments against Yellow Cab Cooperative are ongoing for accidents occurring on dates when Yellow Cab Cooperative, Inc. did not carry traditional insurance.

•Communicating and coordinating with insurance defense counsel in claims arising out of accidents occurring on dates when Yellow Cab Cooperative, Inc. did hold traditional insurance and making sure the defense counsel have taken appropriate steps to insulate Yellow Cab Cooperative, Inc. when those claims potentially exceed the available insured policy limit.

//

//

- Communicating and coordinating with counsel for tort claimants against the bankruptcy estate to confirm submission of proofs of claim within extension periods negotiated by the Trustee.
- Solicitation of demands from counsel for tort claimants against the bankruptcy estate.
- Analysis of demands from tort claimants against the bankruptcy estate, including review and analysis of healthcare records and employment records provided by claimants.
- Directly advising the Trustee as to the value of tort claims via written and oral communications.
- Directly participating in the Trustee's negotiations with tort claimants when negotiations involve complex medical issues outside the Trustee's specific field of expertise.
- Obtaining reimbursement of a cash deposit filed with the San Francisco Superior Court in lieu of an undertaking upon appeal of an underlying Superior Court judgment.
- Advising the directors of Yellow Cab Cooperative, Inc. of efforts by tort claimants to pierce the corporate veil against them.

Consistent with the foregoing, billings have been submitted to the Trustee under the following headings with the following activity reflected in the invoices submitted as Exhibit "B:"

*Yellow Cab Cooperative General Matters*, file 363-11576, $11,082.50/34.1 hours: The Applicant prepared the initial fee application and provided general advice to both the Trustee and the debtor on a number of subjects including, but not limited to, steps necessary to divert state court litigation into the United States Bankruptcy Court and proper methods of securing dismissal of pending Superior Court litigation.

*Sam Glasman v Yellow Cab Cooperative,* file 363-11576, $162.50/0.5 hours: The Applicant secured and processed a dismissal of a cross-action commenced by Yellow Cab Cooperative, Inc. in Superior Court.

*Catherine Kinney v Yellow Cab Cooperative, Inc.*, file 363-11603, $1,365.00/4.2 hours: The Applicant interfaced with the Trustee, the plaintiff, and a third party subrogation lien claimant with respect to the impact of the bankruptcy on a pending ERISA lien.

//
//

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 596-0888    FACSIMILE: (510) 596-0899

*Lorenzo Parada v Yellow Cab Cooperative, Inc.*, file 363-11617, $1,495.00/4.6 hours: The Applicant reviewed and analyzed demand materials from plaintiff and assisted the Trustee in negotiating a $500,000.00 demand down to an $18,000.00 resolution.

*Forrest Allen v Yellow Cab Cooperative, Inc.*, file 363-11617, $2,047.50/6.3 hours: The Applicant interfaced with the Trustee and two plaintiffs with respect to the impact of their failure to file a proof of claim in the face of insistence by plaintiffs that the matter could be litigated in Superior Court.

*Peter Hom v Pandad Abhikari,* file 363-11630, $1,690.00/5.2 hours: The Applicant pursued demand materials on behalf of the Trustee and interfaced with both the Trustee and plaintiff with respect to the procedure for filing a proof of claim. The Applicant reviewed and analyzed demand materials from plaintiff and assisted the Trustee in negotiating a $150,000.00 demand down to a $35,000.00 resolution.

*Sufyan Alsharif v Yellow Cab Cooperative, Inc.,* file 363-11654, $780.00/2.4 hours: The Applicant pursued demand materials on behalf of the Trustee and interfaced with both the Trustee and plaintiff with respect to the procedure for filing a proof of claim.

*Fares Abdulrab v Wilson Villett,* file 363-11675, $1,040.00/3.2 hours: The Applicant pursued demand materials on behalf of the Trustee and interfaced with both the Trustee and the plaintiff with respect to the procedure for filing a proof of claim. The Applicant reviewed and analyzed demand materials from plaintiff and assisted the Trustee in negotiating a gross a $138,437.14 demand down to a $30,000.00 resolution.

*Valentin Isaev v Yellow Cab Cooperative, Inc.,* file 363-11678, $1,105.00/3.4 hours: The Applicant pursued demand materials on behalf of the Trustee and interfaced with both the Trustee and the self-represented plaintiff with respect to the procedure for filing a proof of claim. The Applicant reviewed and analyzed demand materials from a self-represented plaintiff and assisted the Trustee in negotiating a $299,000.00 demand.

*Patrick Reyes v Yellow Cab Cooperative, Inc.,* file 363-11679, $1,137.50/3.5 hours: The Applicant pursued demand materials on behalf of the Trustee and interfaced with both the Trustee and the self-represented plaintiff with respect to the procedure for filing a proof of claim. The

Applicant reviewed and analyzed demand materials from two plaintiffs and assisted the Trustee in negotiating a $46,111.00 gross demand down to a $33,500.00 gross resolution.

*Fabio Rezende v Mohamed Ghathi*, file no. 363-11697, $3,770/11.6 hours: The applicant prepare and argued a motion seeking return from the San Francisco Superior Court of a cash deposit in the amount of $322,569.00 filed with the clerk in lieu of an undertaking on appeal.

*Ralph Olivero v Yellow Cab Cooperative, Inc.*, file no. 363-11744, $715.00/2.2 hours: The applicant corresponded with former directors of Yellow Cab Cooperative, Inc. to advise that plaintiff, who obtained a judgment in Superior Court prior to bankruptcy, was pursuing a motion to add the directors as additional judgment debtors and that the Trustee was not positioned to resist these efforts.

WHEREFORE, applicant requests that he be allowed, as an expense of administration pursuant to 11 U.S.C. Section 503(b)(4), total compensation of $29,235.33 consisting of $26,390.00 in attorneys' fees for services rendered and $2,845.33 for costs incurred between November 1, 2017 and June 30, 2018 and that the allowed amount be paid through the bankruptcy estate.

DATED: July 25, 2018                                     BISHOP | BARRY

/S/ Aaron Hancock
AARON HANCOCK
Special counsel for Chapter 11 Trustee Randy Sugarman

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 596-0888   FACSIMILE: (510) 596-0899

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 596-0888  FACSIMILE: (510) 596-0899

# DECLARATION OF AARON HANCOCK

1. I am an attorney at law, duly licensed to practice in California and before the United States District Court for the Northern District of California. As such, I am an employee of Bishop | Barry, a law firm located in Emeryville, California. This declaration is submitted pursuant to guideline no. 8 of the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees issued by the United States Bankruptcy Court for the Northern District of California ("Guidelines").

2. I was appointed on October 19, 2017 as special counsel for Trustee Randy Sugarman at a billable rate of $325.00 per hour. As set forth in my application for appointment, I was retained to advise the Trustee as to the value of tort claims asserted the bankrupt debtor, Yellow Cab Cooperative, Inc. and otherwise advise the Trustee and the debtor with respect to ongoing issues pertinent to Superior Court litigation against the debtor and the processing of tort claims. There has been one previous request for compensation, which was approved by the United States Bankruptcy Court in its entirety.

3. I am seeking reimbursement of $29,235.33 from the bankruptcy estate of Yellow Cab Cooperative, Inc. as a special expense of administration pursuant to 11 U.S.C. Section 503. Submitted contemporaneously with this declaration at Exhibit "A" is a ledger AR fee and cost breakdown which recapitulates billing statements submitted to the Trustee for services rendered between November 1, 2017 and June 30, 2018. Copies of the statements themselves are submitted collectively as Exhibit "B." There is one "general matters" file, which captures miscellaneous activity. Otherwise, I created a separate file for each claim. The files are named in accordance with the corresponding San Francisco Superior Court lawsuit. Where the first named defendant in the lawsuit is not Yellow Cab Cooperative, Inc., the first named defendant is a former driver for Yellow Cab Cooperative, Inc. and Yellow Cab Cooperative, Inc. is a subsequently named defendant. Expenses for postage are billed at actual cost and copies are billed at $0.10 per page.

//
//
//

4. I have read the application and the accompanying exhibits. To the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines, and the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by my office and generally accepted by my clients.

5. The statements presented with Exhibit "B" all describe work performed in a task-based format with a minimum billing increment of one tenth of an hour. Each of the statements has been submitted to the Trustee for review and audit, and the Trustee has not objected to any of the items on any of the statements. Submitted at Exhibit "C" is correspondence of July 24, 2018 to the Trustee advising the Trustee of his review and objection rights. The correspondence was transmitted to the Trustee via e-mail on July 24, 2018.

6. My work on behalf of the Trustee is described in the payment application above, which is incorporated by reference as though it were part of this declaration. All of the work I have performed has been reasonably necessary as an expense of administration and meets the criteria for reimbursement at 11 U.S.C. Section 503(b)(4).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this twenty fourth day of July 2018, in Emeryville, California.

/S/ Aaron Hancock
AARON HANCOCK

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 596-0888  FACSIMILE: (510) 596-0899

# TRUSTEE'S STATEMENT RE: REVIEW OF FEE APPLICATION

### (U.S. Trustee Guidelines, ¶ 2.2.2)

I, Randy Sugarman, hereby certify that I am the duly appointed trustee in the above captioned matter and that I have read the foregoing Chapter 11 fee application of Aaron Hancock, special counsel for me in the foregoing bankruptcy case. I have no objections to that fee application or the fees and costs requested therein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this twenty fourth day of June 2018, in San Francisco, California.

/S/ Randy Sugarman
RANDY SUGARMAN

BISHOP | BARRY
6001 SHELLMOUND STREET, SUITE 875
EMERYVILLE, CALIFORNIA 94608
TELEPHONE: (510) 596-0888   FACSIMILE: (510) 596-0899