MICHELSON LAW GROUP
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone: 415.512.8600
Facsimile: 415.512.8601
Email: randy.michelson@michelsonlawgroup.com

Attorneys for Liquidating Trustee
Randy Sugarman

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>YELLOW CAB COOPERATIVE, INC.,<br><br>Debtor. | Case No. 16-30063 DM<br><br>Chapter 11<br><br>**DECLARATION OF RANDY SUGARMAN IN SUPPORT OF OBJECTION TO CLAIMS SATISFIED BY LIABILITY INSURANCE**<br><br>[No Hearing Unless Requested.] |

I, Randy Sugarman, declare as follows:

1. I am the Liquidating Trustee of the bankruptcy estate of Yellow Cab Cooperative, Inc., the debtor in the above-captioned Chapter 11 case (the "Debtor"). I was appointed as Liquidating Trustee by this Court's *Order Confirming Joint Plan of Reorganization* entered on May 24, 2018.

2. All statements in this declaration are based upon my review of the court and business records in this case. If called to testify on this matter, I can and would competently testify to the matters set forth in this Declaration.

3. Taxicab drivers affiliated with the Debtor were sometimes involved in vehicular accidents during the course of normal business operations. Most of these accidents were subject

to coverage by the Debtor's liability insurance. When such a covered claim would be received by the Debtor, it was turned over to the Debtor's insurers for investigation and resolution. In the ordinary course of processing such claims, the insurer would either litigation or negotiated such claims to resolution and then advise the Debtor after-the-fact when the covered claim was resolved.

4. Several claimants filed claims against the estate for accidents which are covered by the Debtor's liability insurance (the "Covered Claims"). Because of the similarity of these claims and their treatment by the Debtor's insurers, I now bring these claim objections as one omnibus *Objection to Claims Satisfied by Liability Insurance* (the "Objection"), which is filed concurrently with this declaration in support of the Objection.

5. True and correct copies of the Covered Claims are attached as Exhibits A-R. Pursuant to Bankruptcy Local Rule 3007-1(a), any attachments to these Covered Claims have been omitted in the attached exhibits.

6. The Covered Claims filed by the following claimants do not attach any supporting information or documentation, and consist solely of the proof of claim form:

    a. Michaela Chlouba – Claim No. 34, attached as Exhibit A,
    b. Albert Pope – Claim No. 157, attached as Exhibit B,
    c. Nathan Grover – Claim No. 283, attached as Exhibit E,
    d. Michael De Paulo – Claim No. 344, attached as Exhibit F,
    e. Rezig Messaoud – Claim No. 345, attached as Exhibit G,
    f. Erica Alfaro – Claim No. 354, attached as Exhibit K,
    g. Nadin Cutter – Claim No. 363, attached as Exhibit O,
    h. Ryan Emison – Claim No. 364, attached as Exhibit P, and
    i. Asfaw Bedada – Claim No. 393, attached as Exhibit Q.

7. The Debtor's business records reflect that claims were submitted to the Debtor's insurers for each of the Covered Claims, and the matters either have been resolved or are in the

process of being resolved through the insurers. Specifically, the Debtor's business records reflect the following for Covered Claims:

| Claim No. | Claimant | Claim Amount | Accident Date | Release/Policy Information |
|---|---|---|---|---|
| 34 | Michaela Chlouba | $200,000.00 | 4/24/15 | Settlement reached with insurer. Release dated 4/1/16. |
| 157 | Albert Pope | $100,000.00 | 9/23/15 | Settlement reach with insurer. Release dated 1/31/18. |
| 251 | Maria Antonietta Nevarez | $65,000.00 | 4/2/15 | 7/28/17 – Order for limited relief from stay entered which specifically disallows any claims against the bankruptcy estate. (Dkt. No. 633). |
| 280 | Ronald Caracter | $250,000.00 | 5/21/12 | Settlement reached with insurer. Release dated 4/12/17. |
| 283 | Nathan Grover | Unliquidated | 5/12/15 | Covered by Amtrust Ins. Company Policy No. WPP1239174-00; Claim No. KFSF15080043 |
| 344 | Michael De Paulo | $100,000.00 | 2/17/17 | Covered Onyx Insurance Co. Policy No. OIC-CA-0000866-03; Claim No. CA1700006739. |
| 345 | Rezig Messaoud | $1,000,000.00 | 4/7/17 | Covered Onyx Insurance Co. Policy No. OIC-CA-0000866-03; Claim No. CA1700006996. |
| 350 | Ronald C. Won | $1,260.00 | 4/1/16 | Covered by Onyx Insurance Co. Policy No. OIC-CA-0000866-02; Claim No. CA1600004544. |
| 352 | Law Offices of David A. Krausz, P.C. | $81,979.23 | 1/24/16 | Covered by Amtrust Ins. Company Policy No. WPP1239174 00; Claim No. KFSF1601164. |
| 353 | Yuan Huan Huang | $85,049.23 | 1/24/16 | Covered by Amtrust Ins. Company Policy No. WPP1239174 00; Claim No. KFSF1601164. |
| 354 | Erica Alfaro | $48,000.00 | 8/9/15 | Covered by Amtrust Ins Company Policy No. WPP1239174 00; Claim No. KFSF15080053. |
| 355 | Sam Huang | $13,600.00 | 1/24/16 | Covered by Amtrust Ins. Company Policy No. WPP1239174 00; Claim No. KFSF1601164. |
| 356 | Jiemei Yang | $80,616.57 | 1/24/16 | Covered by Amtrust Ins. Company Policy No. WPP1239174 00; Claim No. KFSF1601164. |

Sugarman Decl. ISO Objection to Covered Claims                                    3

Case: 16-30063   Doc# 829   Filed: 10/31/18   Entered: 10/31/18 07:28:51   Page 3 of 5

| | | | | |
|---|---|---|---|---|
| 357 | Lulu Yang | $8,236.68 | 2/13/17 | Covered by Onyx Insurance Co. Policy No.OIC-CA-0000866-02; Claim No. CA1700006687; Claim closed by NARS on 6/21/17. |
| 363 | Nadin Cutter | $2,000,000.00 | 4/29/17 | Covered by Onyx Insurance Co. Policy No. OIC-CA-0000866-03; Claim No. CA1700007097. |
| 364 | Ryan Emison | $5,000,000.00 | 4/29/17 | Covered by Onyx Insurance Co. Policy No. OIC-CA-0000866-03; Claim No. CA1700007097. |
| 393 | Asfaw Bedada | $24,999.00 | 2/13/16 | Covered by Gateway Ins. Co. dba Alano Insurance Co; Claim No. 62CBLG 1600768; Stipulation for Limited Relief from Stay entered into to allow Claimant to pursue insurance coverage in Superior Court Case; Settlement reached with insurer. |
| Dkt 651 | Adam Cross | Up to $500,000.00 | 1/31/17 | Covered by Onyx Insurance Co. Policy No. OIC-CA-0000866-02 Claim No. CA1700006612. |

8. The holders of the Covered Claims have been in contact with the Debtor's insurers, are aware of this liability insurance coverage and have, in fact, corresponded and negotiated with these insurers regarding the Covered Claims. For example, Claim No. 350 filed by Ronald C. Won in this bankruptcy case references "Claim # 16-4544" at the top of each page of the attachments to the proof of claim, which is the claim number assigned to the Mr. Won's claim by the Debtor's insurer, Onyx Insurance Company.

9. I believe each of the Covered Claims has been administered through the Debtor's liability insurers, and any payment of the Covered Claims should be limited to such insurance coverage. Some holders of Covered Claims have tried to collect both from the insurers and separately from the bankruptcy estate. In one instance, I discovered that the holder of a Covered Claim had already resolved his claim with the insurer, signed a complete release, been paid by the insurer, and, thereafter, continued to push for payment of his Covered Claim in this bankruptcy case. To eliminate such multiple recoveries, I request that each of the Covered Claims be denied it their entirety as against the bankruptcy estate.

10. In addition to being objectionable on the basis that the claims have been otherwise satisfied, as noted above, several of the Covered Claims have other grounds upon which they should also be denied.

11. The nine Covered Claims specified in paragraph 6 above have failed to provide any documentation or explanation in support of the asserted claims. In fact, most do not even specify the date of the alleged injury, and I've had to piece together the dates and insurance coverage noted in paragraph 7 above from statements of coverage from the insurers.

12. Claim No. 352 by the Law Offices of David A. Krausz, P.C. is actually meant to be a claim by Yuan Huan Huang, per the attachments submitted with Claim No. 352. However, a claim in the name of Yuan Huan Huang was subsequently submitted as Claim No. 353. Therefore, Claim No. 352 is also objectionable as a duplicate of Claim No. 353.

13. Claim No. 354 by Erica Alfaro should also be denied as not timely filed. This claim was filed on September 9, 2017. It relates to an accident which occurred pre-petition on August 9, 2015. The Claims Bar Date for such claims was May 16, 2016.

14. Claim No. 363 by Nadin Cutter and 364 by Ryan Emison arise from the same accident and allege that they should be entitled to priority treatment under Bankruptcy Code § 507(a)(10). However, there are no facts or evidence to support such priority treatment and these Covered Claims are additionally objectionable on that basis.

15. Finally, the Covered Claim by Adam Cross was filed as an administrative expense. (Dkt. No. 651). However, the claim alleged by Mr. Cross does not qualify as an administrative expense under Bankruptcy Code § 503.

I declare under penalty of perjury under that laws of the State of California that the foregoing is true and correct, and that this Declaration is executed on October 28, 2018 in Sonoma, California.

_____
Randy Sugarman