MICHELSON LAW GROUP
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone: 415.512.8600
Facsimile: 415.512.8601
Email: randy.michelson@michelsonlawgroup.com

Attorneys for Liquidating Trustee
Randy Sugarman

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>YELLOW CAB COOPERATIVE, INC.,<br><br>Debtor. | Case No. 16-30063 DM<br><br>Chapter 11<br><br>**DECLARATION OF RANDY SUGARMAN IN SUPPORT OF OBJECTION TO CLAIMS WITH NO LIABILITY BY THE ESTATE**<br><br>[No Hearing Unless Requested.] |

I, Randy Sugarman, declare as follows:

1. I am the Liquidating Trustee of the bankruptcy estate (the "Estate") of Yellow Cab Cooperative, Inc., the debtor in the above-captioned Chapter 11 case (the "Debtor"). I was appointed as Liquidating Trustee by this Court's *Order Confirming Joint Plan of Reorganization* entered on May 24, 2018.

2. All statements in this declaration are based upon my review of the court and business records in this case. If called to testify on this matter, I can and would competently testify to the matters set forth in this Declaration.

Sugarman Decl. ISO Objection to Claims with No Liability by the Estate    1

Case: 16-30063    Doc# 835    Filed: 10/31/18    Entered: 10/31/18 07:53:08    Page 1 of 3

3. I have identified five claims filed and scheduled in this bankruptcy case for which the Debtor's records reflect no such liability as owing (the "Disputed Claims"). The disputed claims are as follows:

| Exhibit | Claim No. | Claimant | Date Filed | Amount Asserted | Notes and Additional Objections |
|---|---|---|---|---|---|
| A | Sch. F 3.38 | Ibrar Ahmed | N/A | $132,206.73 | Scheduled as a general unsecured claim for "trade" incurred 1/21/16; No additional information in Debtor's records |
| B | 292 | John W. DeRoy Chiropractic Corporation | 5/20/17 | $3,685.00 | For treatment rendered to personal injury claimant Paula Griffin between 9/22/14 and 4/20/15; Griffin filed POC 277; Court entered order approving stipulation settling POC 277 on 3/13/18 [Dkt. No. 741]. |
| C | 381 | Sufyan Alsharif | 12/23/17 | $50,000.00 | Duplicate of POC 383; Basis alleged is "overcharged gate fees and illegal tips" for May 2011 – June 2013; Inadequate supporting documentation to establish a claim; Late-filed |
| D | 382 | Ziad Sad | 12/23/17 | $10,000.00 | Basis alleged is "overcharged gate fees and illegal tips" for May 2011 – March 2012; Inadequate supporting documentation to establish a claim; Late-filed |
| E | 383 | Sufyan Alsharif | 12/23/17 | $10,000.00 | No supporting documentation; Late-filed |

4. Although scheduled as a general unsecured claim, I have been unable to find a record of or basis for the $132,206.73 general unsecured claim attributed to Ibrar Ahmed in Schedule F.

5. Claim No. 292 is asserted by a chiropractor who treated a third-party, Paula Griffin, who asserted a personal injury claim against the Debtor arising from an accident occurring on August 15, 2014. Ms. Griffin's claim against the bankruptcy estate was settled and the Court entered an order approving the stipulation resolving all of Ms. Griffin claims on March 13, 2018. [Dkt. No. 741]. Any claims for payment that John W. DeRoy Chiropractic

1  Corporation may have are solely against Ms. Griffin and the estate has no independent liability
2  for Ms. Griffin's treatment. Further, Ms. Griffin released all claims against the estate arising
3  from the accident as part of her stipulation with the Chapter 11 Trustee.

4      6.    Claim No. 381 is a duplicate of Claim No. 383, both by Sufyan Alsharif. It
5  appears as though Mr. Alsharif attempted to amend his claim, but was instead allocated another
6  Claim Number. For this reason, Claim No. 381 should be disallowed as a duplicate. Since
7  Claim No. 383 does not contain any supporting documentation and Claim No. 381 did have an
8  attachment, both Claim Nos. 381 and 383 are being addressed together.

9      7.    Claim Nos. 381, 382 and 383 were all filed by the same attorney on December 23,
10 2017 and all allege claims based on "overcharged gate fees and illegal tips" for drivers driving
11 for the Debtor between May 2011 and June 2013. The only supporting documentation provided
12 for these claims are hand-written logs. Such logs are insufficient to establish a valid claim
13 against the estate and represent, at best, the claimants' unpursued grievance against the estate.
14 The Debtor's records do not reflect any amounts owing to either Sufyan Alsharif or Ziad Sad.
15 Further, if Alsharif or Sad *did* have a valid claim against the estate it would necessarily by a pre-
16 petition unsecured claim, based upon the basis alleged, and subject to the May 16, 2016 Claims
17 Bar Date widely publicized in this case.

18     8.    For all of these reasons, I request that the Disputed Claims be disallowed in their
19 entirety.

21     I declare under penalty of perjury under that laws of the State of California that the
22 foregoing is true and correct, and that this Declaration is executed on October 28, 2018 in
23 Sonoma, California.

_____
Randy Sugarman

Sugarman Decl. ISO Objection to Claims with No Liability by the Estate   3

Case: 16-30063   Doc# 835   Filed: 10/31/18   Entered: 10/31/18 07:53:08   Page 3 of 3