MICHELSON LAW GROUP
Randy Michelson (SBN 114095)
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone: 415.512.8600
Facsimile: 415.512.8601
Email: randy.michelson@michelsonlawgroup.com

Attorneys for Liquidating Trustee
Randy Sugarman

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>YELLOW CAB COOPERATIVE, INC.,<br><br>Debtor. | Case No. 16-30063 DM<br><br>Chapter 11<br><br>**OBJECTION TO CLAIMS BY OWNERS; NOTICE AND OPPORTUNITY FOR HEARING**<br><br>Omnibus Objection #6 by Liquidating Trustee<br><br>[No Hearing Unless Requested.]<br><br>**Claimants receiving this objection should located their names and claims in the objection.** |

Randy Sugarman, the court-approved Liquidating Trustee (the "Liquidating Trustee") of the bankruptcy estate of debtor Yellow Cab Cooperative, Inc. (the "Debtor"), hereby objects to the claims filed in the Debtor's former owners (the "Owner Claims") pursuant to Bankruptcy Rule 3007(d)(7). The Owner Claims are as follows:

| Exhibit | Claim No. | Claimant (alphabetical by last) | Date Filed | Amount Asserted | Notes |
|---|---|---|---|---|---|
| I | 368 | Kashmir Singh Deol | 10/11/17 | $13,500.00 | Late-filed |

| | | | | | | |
|---|---|---|---|---|---|---|
| A | 37 | Diana Graham | 2/18/16 | unknown | Asserts basis of claim is ½ interest in Yellow Cab Medallion |
| C | 273 | Earl F. Moore | 5/16/16 | $31,152.00 | Alleges $7,800 in priority under 507(a)(4) and $23,352.00 in priority under 507(a)(4) with the "4" handwritten under "Other"; Attaches "Associate Agreement" dated 3/13/13 |
| D | 274 | Earl F. Moore | 5/16/16 | $6,200.00 | Alleges post-petition amount owing; Alleges Priority Claim under 507(a)(4); Attaches "Associate Agreement" dated 3/13/13 |
| F | 287 | William Morrow | 2/27/17 | $35,000.00 | Alleges claim is "based on a lease" with $35,000 necessary to cure; Late-filed |
| G | 288 | William Morrow | 2/27/17 | $33,000.00 | Alleges claim is "based on a lease" but not cure amount noted; Late-filed |
| E | 286-3 | Octavius Nash | 3/28/17 (Orig filed 2/27/17) | $30,000.00 | Informal Proof of Claim as email to Courtroom Deputy; Attaches "Full Association Agreement" dated 5/25/10; Late-filed |
| B | 272 | Peter Witt | 5/16/16 | $30,000.00 | Alleges claim is "based on a lease" with $30,000 necessary to cure; Attaches "Full Association Agreement" dated 8/25/06 |
| H | 293 | Kifali Yosief | 6/12/17 | $30,000.00 | Alleges the basis of the claim is "breach of contract"; Attaches "Association Agreement" dated 3/3/88; Late-filed |

In accordance with Bankruptcy Local Rule 3007-1(a), true and correct copies of the Owner Claims are attached, omitting any attachments, as exhibits A-I to this objection.

The basis for each of the Owner Claims noted above is a cooperative membership interest in the Debtor. Each Owner Claim references, and in many instances attaches, such an "associate" agreement. The amounts claimed represent either payments toward such interest or amounts alleged to be owing to the claimant under such cooperative membership agreement. These claims fall within Class 5 of the confirmed plan of reorganization in this case (the "Plan"). Pursuant to Plan, Class 5 claims are treated as follows: "The existing membership interests in the Debtor shall be deemed cancelled as of the Effective Date and the holder(s) of those interests shall receive nothing." (Dkt. No. 753 at 17:25-27). The Liquidating Trustee respectfully

requests that the Owner Claims be disallowed in their entirety, in accordance with the terms of the Plan.

In addition to being objectionable as a Class 5 claim, as noted above, several of the Owner Claims also have other grounds upon which they should be denied.

**Late-Filed Claim.** Claim Nos. 286-3, 287, 288, 293 and 368 should also be denied as not timely filed. The Claims Bar Date for such claims was May 16, 2016. Since these claims were filed well after this deadline, they should also be disallowed in their entirety solely on that basis.

**Duplicate Claims.** Claim No. 274 by Earl F. Moore also appears to duplicate, at least in part, of Claim No. 273 by Earl F. Moore. Likewise, Claim No. 288 by William Morrow appears to be a duplicate of Claim No. 287 by William Morrow. The Liquidating Trustee asserts this is an independent basis for the denial for Claim Nos. 274 and 288.

**Claims Not Entitled to Priority**. Claim Nos. 273 and 274 by Earl F. Moore also allege they are entitled to priority treatment under Bankruptcy Code § 507(a)(4) as wages, salaries or commissions. However, both claims attach the "Associate Agreement" as the basis of the claims. The Liquidating Trustee further objects to Claim Nos. 273 and 274 on the basis that they do not qualify for priority treatment under Bankruptcy Code § 507(a)(4).

**Claims Not Based on a Lease, Subject to Setoff or Secured.** Finally, Claim No. 272 by Peter Witt and Claim Nos. 287 and 288 by William Morrow alleged they are "based on a lease" on question 10 of the proof of claim form. However, Mr. Morrow signed Claim No. 287 as "Yellow cab TPC member" and he describes the basis of his claim as "payed Yellow Cab 33,000,00 for membership in Yellow Cab Co. Op" on question 8 of Claim No. 288. Similarly, Mr. Witt attaches not a "lease" but rather his "Full Association Agreement" as the basis for his claim. Mr. Witt also alleges his claim is subject to "setoff" for "stock" and is "secured" by "stock" valued at $30,000. The Liquidating Trustee asserts that Claim Nos. 272, 287 and 288 are not "based on a lease." Rather, as indicated in the proofs of claim themselves, these claims solely arise from and are based upon cooperative ownership agreements for the Debtor. The

Liquidating Trustee further objects to Claim Nos. 272, 287 and 288 to the extent that they allege to be subject to a lease, setoff or security interest.

For each of these reasons, the Liquidating Trustee respectfully requests that the Court enter an order disallowing each of the Owner Claims in its entirety.

## NOTICE AND OPPORTUNITY FOR HEARING

NOTICE IS HEREBY GIVEN, pursuant to Federal Rule of Bankruptcy Procedure 3007, as modified by Bankruptcy Local Rule and 9014-1, that:

(1) Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 30 days of mailing the notice;

(2) Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;

(3) If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.

(4) In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.

Dated: October 31, 2018          MICHELSON LAW GROUP

By: _____/ s / Randy Michelson_____
Randy Michelson
Attorneys for Liquidating Trustee
Randy Sugarman