Earl Moore
88 Ignacio Avenue
San Francisco, CA 94124
(415) 467-0787



**FILED**

DEC 2 8 2018

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

Creditor In Pro Per

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL MOORE,<br><br>          Petitioner/Claimant,<br><br>vs.<br><br>YELLOW CAB COOPERATIVE INC.,<br><br>          Debtor/Respondent | Case No.: 16-30063 DM<br><br>Chapter 11<br><br>**RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING NOTICED FOR DECEMBER 28**<br><br>Date:    December 28, 2018<br>Time:   1:30 PM<br>Place:  450 Golden Gate Avenue<br>             Courtroom 17, 16th Floor<br>             San Francisco, CA 94102 |

      Earl Moore, the claimant in the above-captioned matter, re-submits his motion for additional time to 1) Amend his claim and file the amended claim and 2) Submit a brief supporting his opposition to the trustee's objection to claims 273 and 274, under Federal rule of bankruptcy 3007. The opposition to the Trustee's Objection to Claim was timely submitted under Federal rule of bankruptcy procedure 3007 and bankruptcy rule 9014.[1] The motion for additional time to file was submitted simultaneously and on the same date of the opposition to Trustees

---

[1] Exhibit A--file stamped copy of Earl Moore's Opposition to Trustees Objection to Claims By Owners; Request For Additional Time To Amend Claims And Submit Briefs Supporting Opposition To Trustees Objection

RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING NOTICED FOR DECEMBER 28 - 1

1   Objection to claim.  As of this filing, there has been no formal objection filed by the Trustee. The trustee

2   acknowledged the timely filed opposition and request for more time to respond in paragraph 4 of his declaration in

3   support of request for entry of order by default on objection to claim by owners.[2]

4          I am re-submitting my request for additional time to amend the claims and submit a brief to

5   support my opposition to the trustee's objections because the conditions outlined in my original November 30, 2018

6   request still exist and are still impeding my ability to assert my constitutional right for a redress of my claims before

7   a court of competent jurisdiction.   As noted in my previous filing

8          1) the claims need to be amended to accurately reflect the amounts and claims owed by the

9             debtor in the above-captioned case.

10         2)  I am an elderly unrepresented claimant and the law school libraries I was using to research

11            my claims were closed to the public for final exams are now closed for the holidays.

12            until after the new year.

13         3) I requested an additional 30 days after the libraries open to the public in the new year to

14            amend this claim and to submit a supplemental brief and memorandum of points and

15            authorities outlining the legal basis for the validity of my amended claims and my opposition

16            to the trustee's objections.

17         4) The Memorandum of Points and Authorities in my timely filed Opposition to Trustee's

18            Objection to Proof of Claims show that my claims I am seeking to amend are valid.  These

19            claims are based on state law that serves as the basis for both claims.  Furthermore, my claims

20            are not duplicates as speculatively stated by the trustee.  The trustee's objection offers no

21            substantial evidence that the claim is invalid, excessive or prohibited by the bankruptcy code

22            or any statute.

23   _____

24

25   [2] Exhibit B--Declaration of Randy Michelson In Support Of Request For Entry Of Order By Default On Objection
     To Claims By Owners, Page 2, Paragraph 4, lines 8-10

26

27   RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF
     SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING
28   NOTICED FOR DECEMBER 28 - 2

These conditions have been exacerbated by inaction from the court on my request for additional time to file an amended claim and brief supporting my opposition to the trustee's objection to claim. The Trustee's failure to respond or file a timely objection even though other filings with this court show that the trustee is aware of my opposition and my request for additional time to file an amended claim and supplemental brief supporting my opposition to the objection to claim has caused this matter to languish.

The trustee's notice of hearing inaccurately states my position and mischaracterizes the timing and nature of my request and because of these inaccuracies this hearing is premature. In the declaration of Randy Michelson, In Support of the Request for Entry of Order by Default on Objections to Claim by Owner[3] and in the Notice of Hearing on Liquidating Trustee's Objection to Claims by Earl F. Moore[4], both documents mischaracterize my request for additional time and because the trustee did not read my opposition and the reasons for my request for additional time. The trustee incorrectly represents that I requested an additional 30 days from the November 30 filing to file a supplemental opposition. Because they did not read my request carefully, the trustee incorrectly calculated the 30 days from filing making my brief due on December 31st, 2018 as December 30th falls on a Sunday. The notice of hearing was prematurely filed on December 19th, 2018 with a hearing date on December 28th, 2018 three days before the incorrectly calculated due date for my supplemental brief. The premature procedural end run by the trustee does not promote fairness or justice and seeks to take advantage of an elderly and unrepresented claimant. This hearing schedule by the trustee should be taken off calendar and motion for additional time should be approved for several reasons:

1. The conditions that precipitated the initial timely request for additional time and have been reiterated earlier still exist unabated.

---

[3] Ibid.,

[4] Exhibit C—Notice of Hearing on Liquidating Trustee's Objection to Claims by Earl F. Moore

RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING NOTICED FOR DECEMBER 28 - 3

2. The timely filed opposition and request for additional time to amend the claim and file an opposition brief to the trustee's objections to claims based on those amended claims are constitutionally protected. I have the right to petition the court and have my claims heard without abridgment of my substantive and procedural due process rights as provided by the equal protection clause.

3. The motion for additional time to file documents should be heard and ruled on before any hearing is scheduled, held or issue related to this objection is brought before the court.

4. The trustee has filed no objection to the request for additional time.

5. The sole purpose of the Trustee scheduling this hearing the Friday after Christmas and mailing the notice over the final weekend before the Christmas holiday was designed to induce a default because the party would not receive timely notice of the hearing due to the significant increase in the volume of mail and packages during the Christmas holiday. The volume of mail is so great that many packages mailed at the last minute, as the trustee's notice of hearing was, are delayed, lost or misdelivered. It is not uncommon because of the significant increase in the volume of mail to receive Christmas cards and packages well into the New Year.

6. The notice was mailed at the last minute to induce default because many people are out of town or have other commitments that take them out of the area for the Christmas holidays and the week after Christmas. I was scheduled to attend a wedding and family celebration after Christmas in Southern California. This event was scheduled many months prior to this last-minute notice for this hearing.

7. Even in the unlikely event, I received the notice in time to attend the hearing, the court should take the hearing off calendar because the issues that precipitated the request for additional time to file still exist and have not been abated. This hearing is not only premature but is a waste of the courts' time and resources as no productive issues will be addressed because of the preexisting conditions that led to my initial request for additional time continue unabated.

8. The trustee is trying to create an ambush hearing in which they are seeking a quasi-summary adjudication on the substantive issues even though I've made a formal request for additional time to

RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING NOTICED FOR DECEMBER 28 - 4

present my issues and the law supporting my issues to the court. This is a purposeful end run around my substantive and procedural due process rights.

Wherefore, I renew my prayer that this court will grant my request for additional time to file an amended claim and responsive opposition to the Trustee's objection. I am also requesting that this hearing be taken off calendar as it is premature and scheduled at the last minute during the holiday for the sole purpose of inducing default.

## MEMORANDUM OF POINTS AND AUTHORITIES

The proof of a claim, if filed in accordance with Bankruptcy Code section 501, and the pertinent bankruptcy rules constitutes prima facie evidence of the validity and amount of the claim under Federal Rules of Bankruptcy Procedure 3001 and Bankruptcy Code section 502 (a).[5] Unless the trustee, as objector, introduces evidence as to the invalidity of the claim or the excessiveness of its amounts, the claimant need offer no further proof of the merits of the claim.[6]

## ARGUMENT AND DISCUSSION

I.  **THE TIMELY FILING OF A VALID CLAIM AGAINST THE BANKRUPTCY PETITIONER YELLOW CAB INC. AS WELL THE OPPOSITION TO THE TRUSTEE'S OBJECTION TO THAT CLAIM GUARANTEES THE CLAIMANT A RIGHT TO BE HEARD BEFORE THE BANKRUPTCY COURT.**

---

[5] Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage), 178 B.R. 222 (B.A.P. 9th Cir. 1995)

[6] Brown v. IRS (In Re Brown), 82 F.3d 801 (8th Cir. 1996)

RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING NOTICED FOR DECEMBER 28 - 5

Once the claimant has timely filed a claim against the bankruptcy petitioner and that claim is substantiated by evidence of their claim, the claim is considered valid. The trustee has the obligation under the bankruptcy code and the federal rules of bankruptcy procedure to introduce evidence on the invalidity of the claim to prevent a hearing on the claim asserted against the bankruptcy petitioner. Here the trustee has not objected to the request for additional time to file nor have they presented any evidence to substantiate their baseless allegations that my claim is invalid and as they state my request for hearing on this matter is futile. This court must grant the claimant the opportunity to be heard and present his case to this court about the issues related to these claims. Therefore, this court must grant the unopposed motion for additional time to respond.

II. **THE INITIAL MOTION FOR ADDITIONAL TIME TO FILE THE AMENDED CLAIM AND OPPOSITION TO THE TRUSTEE'S OBJECTION TO CLAIM WAS TIMELY FILED AND BEFORE THE COURT, WITHOUT ANY OBJECTION FROM THE TRUSTEE. THIS MOTION MUST BE RULED UPON BEFORE ANY TRIAL DATE CAN BE REQUESTED BY THE TRUSTEE BECAUSE TO SET A TRIAL DATE WITHOUT ALLOWING THE CLAIMANT THE OPPORTUNITY TO PRESENT HIS CASE DENIES HIM OF HIS SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS.**

On November 30th, 2018, I filed an opposition to the trustee's objection to claim. In this timely filed opposition to the trustee's objection, I requested additional time to amend the claim and to file a supplemental opposition to the trustee's objection based on the correct information. I outline to the court several impediments beyond my control that required additional time to bring these issues and information before the court. The conditions set forth in my initial filing and reiterated in this current motion have not been abated and still impede my ability to access the law and produce the document for this court. The trustee has not objected to my opposition or my request for additional time to file these documents. The bankruptcy code and the federal rules of banker's procedure require that the trustee show that the claim is invalid and that the conditions outlined in my request for additional time and that prevent me from presenting the opposition do not exist or have abated.

The trustee has not filed any documents in opposition to my objection to claim nor has the trustee presented any evidence that my claim is invalid. Since the trustee has not presented any formal objection or evidence of invalidity

RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING NOTICED FOR DECEMBER 28 - 6

of my claim, the trustee should not be permitted to schedule hearings to make unsubstantiated arguments in an effort to prevent me from pursuing my claims that are permitted under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

### III. THE MOTION FOR ADDITIONAL TIME TO FILE MUST BE GRANTED TO PROTECT THE CLAIMANT SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS OF THE UNREPRESENTED CLAIMANT.

The constitution guarantees the claimant the right to petition the government and access the courts to address their claims and grievances. The federal bankruptcy code and federal rules of bankruptcy procedure protect the rights of claimants to present their claims and the right to have a hearing on the merits of their claims in the bankruptcy proceeding. The claimant has timely filed his claim and has also timely filed his opposition to the trustee's objection to his claim. The claimant has also timely filed a request for additional time to supplement his claim and amend his opposition to the trustee's objection to the claim without objection. The trustee's notice of hearing is done for the sole purpose and is designed to circumvent the due process rights of the claimant and have a summary adjudication of his claim even though he is still constrained by circumstances beyond his control. The trustee's decision to notice this hearing just before the Christmas holidays and to schedule the hearing on a Friday afternoon during the Christmas holiday and just before the new year shows that the trustee is trying to manipulate this courts procedure to induce a default.

### IV. THE CLAIMANT PROPOSES A BRIEFING SCHEDULE THAT PROTECTS THE INTEREST OF THE CLAIMANT AND PROVIDES AN OPPORTUNITY FOR THE TRUSTEE RESPOND TO THE AMENDED CLAIM AND OPPOSITION BRIEF.

The claimant Reiterates his request for a 30-day extension after the libraries open for normal business hours at the beginning of the year. The 30 days will start on January 7th, 2019 and the claimants brief must be submitted by February 7th, 2019. Claimant proposes that the trustee be given 21 days to respond which would make their brief due on February 28th, 2019. A reply brief by the claimant must be filed by March 14, 2019. This schedule protects the due process rights of the claimant, minimizes any inconvenience to the Trustee and provides dates certain to the court for resolving this issue.

RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING NOTICED FOR DECEMBER 28 - 7

Case: 16-30063    Doc# 951    Filed: 12/28/18    Entered: 12/28/18 11:54:43    Page 7 of 25

## CONCLUSIONS

I filed an opposition and memorandum of points and authorities to timely object to the trustee's objection to claim and to preserve my rights to a trial on the merits. This hearing scheduled by the Trustee is designed to circumvent this process and deprive me of my constitutional due process rights.

Wherefore, petitioner/claimant prays that the court will grant the relief requested for additional time amend the claims and file an additional response to the timely filed opposition to the Trustee's Objection to Claim.

Dated this 27 of December 2018.

_Earl Moore_

Earl Moore

RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING NOTICED FOR DECEMBER 28 - 8

Earl Moore
88 Ignacio Avenue
San Francisco, CA 94124
(415) 467-0787

Creditor In Pro Per

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

EARL MOORE,

        Petitioner/Claimant,

vs.

YELLOW CAB COOPERATIVE INC.,

        Debtor/Respondent

Case No.: 16-30063 DM

Chapter 11

**EXHIBIT INDEX IN SUPPORT OF RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING NOTICED FOR DECEMBER 28**

Date:   December 28, 2018
Time:   1:30 PM
Place:  450 Golden Gate Avenue
         Courtroom 17, 16th Floor
         San Francisco, CA 94102

**EXHIBIT A: FILE STAMPED COPY OF CLAIMANT EARL MOORE'S OPPOSITION TO TRUSTEE'S OBJECTION TO CLAIMS BY OWNERS; REQUEST FOR ADDITIONAL TIME TO AMEND CLAIMS AND SUBMIT SUPPORTING OPPOSITION BRIEF TO TRUSTEE'S OBJECTION**

**EXHIBIT B: DECLARATION OF RANDY MICHELSON IN SUPPORT OF REQUEST FOR ENTRY OF ORDER BY DEFAULT ON OBJECTION TO CLAIMS BY OWNERS**

**EXHIBIT C: NOTICE OF HEARING ON LIQUIDATING TRUSTEE'S OBJECTION TO CLAIMS BY EARL F. MOORE**

EXHIBIT INDEX IN SUPPORT OF RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING NOTICED FOR DECEMBER 28 - 1

**EXHIBIT A:**

**FILE STAMPED COPY OF CLAIMANT EARL MOORE'S**

**OPPOSITION TO TRUSTEE'S OBJECTION TO CLAIMS BY OWNERS; REQUEST FOR ADDITIONAL TIME TO AMEND CLAIMS AND SUBMIT SUPPORTING OPPOSITION BRIEF TO TRUSTEE'S OBJECTION**



1  Earl Moore
2  88 Ignacio Avenue
   San Francisco, CA 94124
   (415) 467-0787
3  In Pro per

4

5                      UNITED STATES BANKRUPTCY COURT

6                      NORTHERN DISTRICT OF CALIFORNIA

7  EARL MOORE,                              Case No.: 16-30063 DM

8              Petitioner/Claimant,                   TRUSTEE'S

9  vs.                                       OPPOSITION TO OBJECTION TO CLAIMS BY
                                             OWNERS; REQUEST FOR ADDITIONAL TIME TO
10 YELLOW CAB COOPERATIVE INC.,              AMEND CLAIMS AND SUBMIT BRIEF
                                             SUPPORTING OPPOSITION TO TRUSTEE'S
11             Debtor/Respondent             OBJECTION

12              Earl Moore, the claimant in the above-captioned matter, hereby submits the following opposition

13 to the objection to claims 273 and 274, pursuant to Federal rule of bankruptcy 3007. This objection is timely

14 submitted pursuant to Federal rule of bankruptcy procedure 3007 and bankruptcy rule 9014.

15              I am requesting additional time to amend the claims and submit a brief supporting opposition to

16 the trustee's objections because in my research, I discovered that the claims need to be amended to accurately reflect

17 the amounts and claims owed by the debtor in the above-captioned case. I am also requesting additional time

18 because, as an Elderly unrepresented claimant, the law school libraries are closed to the public for final exams. After

19 the conclusion of the final exam period these libraries will be closed or operating on extremely limited hours until

20 after the new year. I will need an additional 30 days to amend this claim and to submit a supplemental brief and

21 memorandum of points and authorities outlining the legal basis for the validity of my amended claims as well as my

22 opposition to the trustee's objections.

23              The Memorandum of Points and Authorities show that my claims are valid. These claims are

24 substantiated and based on state law that serves as the basis for both claims. Furthermore, my claims are not

25 duplicates as speculatively stated by the trustee. The trustee's objection does not offer any substantial evidence that

26 the claim is invalid, excessive or prohibited by the bankruptcy code or any applicable statute.

27

28 OPPOSITION TO OBJECTION TO CLAIMS BY OWNERS; REQUEST FOR ADDITIONAL TIME TO AMEND
   CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION - 1

## MEMORANDUM OF POINTS AND AUTHORITIES

The proof of a claim, if filed in accordance with Bankruptcy Code section 501, and the pertinent bankruptcy rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rules of Bankruptcy Procedure 3001 and Bankruptcy Code section 502 (a).[1] Unless the trustee, as objector, introduces evidence as to the invalidity of the claim or the excessiveness of its amounts, the claimant need offer no further proof of the merits of the claim.[2]

## CONCLUSIONS

I am filing this opposition and memorandum of points and authorities to timely object to the trustee's objection to claim, and to preserve my rights to a trial.

Wherefore, petitioner/claimant prays that the court will grant the relief requested for additional time amend the claims and file an additional response to the timely filed opposition to the Trustee's Objection to Claim.

Dated this 30 of November, 2018.

_Earl F Moore_ (signature)

_____
Earl Moore

_____

[1] Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage), 178 B.R. 222 (B.A.P. 9th Cir. 1995)

[2] Brown v. IRS (In Re Brown), 82 F.3d 801 (8th Cir. 1996)

OPPOSITION TO OBJECTION TO CLAIMS BY OWNERS; REQUEST FOR ADDITIONAL TIME TO AMEND CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION - 2

1 | Earl Moore
2 | 88 Ignacio Avenue
    San Francisco, CA 94124
    (415) 467-0787
3 |
4 | In Pro per



COPY

FILED

NOV 30 2018

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

5 | UNITED STATES BANKRUPTCY COURT

6 | NORTHERN DISTRICT OF CALIFORNIA

7 | EARL MOORE,                              Case No.: 16-30063 DM

8 |          Petitioner/Claimant,

9 | vs.

10 | YELLOW CAB COOPERATIVE INC.,            PROOF OF SERVICE

11 |          Debtor/Respondent

12 |          I the undersigned, declare that I reside in the City of San Francisco, County of San Francisco,

13 | California. I am over the age of 18 and am not a party to this action.

14 |          On November 30, 2018, the Opposition the Trustees Objection to Claim via US Mail and

15 | Electronic Service to the following:

16 |          U.S. Trustee                        Michelson Law Group
            1301 Clay Street                     Randy Michelson
17 |          Oakland, CA 94612-5202              220 Montgomery Street, Suite 2100
                                                 San Francisco, CA 94104
18 |
            Dated this 30th day of November 2018
19 |

20 |

21 |                              Mel Justice

22 |

23 |

24 |

25 |

26 |

27 |

28 | OPPOSITION TO OBJECTION TO CLAIMS BY OWNERS; REQUEST FOR ADDITIONAL TIME TO AMEND
    CLAIMS AND SUBMIT BRIEF SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION - 1

**EXHIBIT B**

**DECLARATION OF RANDY MICHELSON IN SUPPORT OF REQUEST FOR ENTRY OF ORDER BY DEFAULT
ON OBJECTION TO CLAIMS BY OWNERS**

1  MICHELSON LAW GROUP
   Randy Michelson (SBN 114095)
2  220 Montgomery Street, Suite 2100
   San Francisco, CA 94104
3  Telephone: 415.512.8600
   Facsimile: 415.512.8601
4  Email:    randy.michelson@michelsonlawgroup.com

5  Attorneys for Liquidating Trustee
   Randy Sugarman
6

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  In re                                Case No. 16-30063 DM

12  YELLOW CAB COOPERATIVE, INC.,        Chapter 11

13              Debtor.

14                                       **REQUEST FOR ENTRY OF ORDER
                                         BY DEFAULT ON OBJECTION TO
15                                       CLAIMS BY OWNERS**

16                                       Omnibus Objection #6 by Liquidating
                                         Trustee
17

18

19      Randy Sugarman (the "Liquidating Trustee"), the duly-appointed Liquidating Trustee of

20  the Yellow Cab Cooperative, Inc. Liquidating Trust (the "Trust"), hereby requests entry of an

21  order by default sustaining the *Objection to Claims by Owners (Omnibus Objection #6 by*

22  *Liquidating Trustee)* (the "Objection"). The claims subject to the objection are as follows:

23
| Claim No. | Claimant (alphabetical by last) | Amount Asserted |
24  | --- | --- | --- |
| 368 | Kashmir Singh Deol | $13,500.00 |
25  | 37 | Diana Graham | unknown |
| 273 | Earl F. Moore | $31,152.00 |
26  | 274 | Earl F. Moore | $6,200.00 |
| 287 | William Morrow | $35,000.00 |
27  | 288 | William Morrow | $33,000.00 |
| 286-3 | Octavius Nash | $30,000.00 |
28

REQUEST FOR ENTRY OF ORDER BY DEFAULT ON OMNIBUS OBJECTION #6
1

1    MICHELSON LAW GROUP
    Randy Michelson (SBN 114095)
2    220 Montgomery Street, Suite 2100
    San Francisco, CA 94104
3    Telephone: 415.512.8600
    Facsimile: 415.512.8601
4    Email:     randy.michelson@michelsonlawgroup.com

5    Attorneys for Liquidating Trustee
    Randy Sugarman
6

7

8             UNITED STATES BANKRUPTCY COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11    In re                              Case No. 16-30063 DM

12    YELLOW CAB COOPERATIVE, INC.,     Chapter 11

13             Debtor.

14                            **DECLARATION OF RANDY
MICHELSON IN SUPPORT OF
REQUEST FOR ENTRY OF ORDER
BY DEFAULT ON OBJECTION TO
CLAIMS BY OWNERS**

16

17                            Omnibus Objection #6 by Liquidating
Trustee

18

19

20        I, Randy Michelson, declare as follows:

21         1.       I am an attorney at law licensed to practice before the courts of the State of

22   California and this Court. I have personal knowledge of the facts set forth in this declaration,

23   excepts the facts that are stated upon information and belief, and as to those facts I believe them

24   to be true. If called to testify, I could and would competently testify to the matters set forth

25   below.

26         2.       On October 31, 2018, I filed and caused to be served the *Objection to Claims by*

27   *Owners (Omnibus Objection #6 by Liquidating Trustee)* (the "Objection") on behalf of my client,

28

Case: 16-30063    Doc# 951    Filed: 12/28/18    Entered: 12/28/18 11:54:43    Page 16 of
25

1 Randy Sugarman (the "Liquidating Trustee"), the duly-appointed Liquidating Trustee of the

2 Yellow Cab Cooperative, Inc. Liquidating Trust (the "Trust"). [Dkt. Nos. 836 and 846].

3       3.     On November 1, 2018, again on behalf of the Liquidating Trustee, I filed and

4 caused to be served a *Notice and Opportunity for Hearing on Objection to Claims by Owners*

5 (the "Notice"). The Notice provides that any opposition or request for hearing on the Objection

6 must be filed and served within 30 days of the Notice. [Dkt. Nos. 859 and 871].

7       4.     More than 30 days have passed from the filing and service of the Notice and

8 Objection. On November 30, 2018, claimant Earl Moore filed an opposition to the objection and

9 requested more time to respond. [Dkt. No. 895]. Also on November 30, 2018, Counsel for the

10 Liquidating Trustee received an informal opposition from claimant Octavius Nash. In light of

11 these oppositions, the Liquidating Trustee will separately notice and schedule a hearing on the

12 Objection with respect to Claim Nos. 273, 274 and 286. However, no opposition or request for

13 hearing was timely raised with respect to Claim Nos. 37, 287, 288, 272, 293 or 368.

14       I declare under penalty of perjury under the laws of the United States of America that the

15 foregoing is true and correct and that this declaration was executed at Indio, California on

16 December 10, 2018.

17

18                               */ s / Randy Michelson*
                                 Randy Michelson

19

20

21

22

23

24

25

26

27

28

Case: 16-30063    Doc# 951    Filed: 12/28/18    Entered: 12/28/18 11:54:43    Page 17 of
25

**EXHIBIT C**

**NOTICE OF HEARING ON LIQUIDATING TRUSTEE'S OBJECTION TO CLAIMS BY EARL F. MOORE**

1  MICHELSON LAW GROUP
   Randy Michelson (SBN 114095)
2  220 Montgomery Street, Suite 2100
   San Francisco, CA 94104
3  Telephone: 415.512.8600
   Facsimile: 415.512.8601
4  Email:     randy.michelson@michelsonlawgroup.com

5  Attorneys for Liquidating Trustee
   Randy Sugarman
6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  In re                                Case No. 16-30063 DM

12  YELLOW CAB COOPERATIVE, INC.,        Chapter 11

13         Debtor.

14                                       **NOTICE OF HEARING ON**
                                         **LIQUIDATING TRUSTEE'S**
15                                       **OBJECTION TO CLAIMS BY**
                                         **EARL F. MOORE**
16                                       **(CLAIM NOS. 273 and 274)**

17                                       [Subject to Omnibus Objection #6 by
                                         Liquidating Trustee]
18
                                         Date:  December 28, 2018
19                                       Time:  1:30 p.m.
                                         Place: 450 Golden Gate Avenue
20                                                Courtroom 17, 16th Floor
                                                San Francisco, CA 94102
21

22  **TO CLAIMANT EARL F. MOORE:**

23         PLEASE TAKE NOTICE that on December 28, 2018 at 1:30 p.m. in Courtroom 17 of

24  the United States Bankruptcy Court for the Northern District of California, San Francisco

25  Division, located at 450 Golden Gate Avenue, San Francisco, a hearing will be held on the

26  Liquidating Trustee's objection to the claims asserted by Earl F. Moore as set forth in the

27  *Objection to Claims by Owners [Omnibus Objection #6 by Liquidating Trustee]* (the

28  "Objection"). Randy Sugarman (the "Liquidating Trustee"), the duly-appointed Liquidating

NOTICE OF HEARING ON OBJECTION TO CLAIMS BY EARL F. MOORE

1   Trustee of the Yellow Cab Cooperative, Inc. Liquidating Trust, filed and served the Objection on

2   October 31, 2018. [Dkt. Nos. 836 and 846]. On November 1, 2018, the Liquidating Trustee

3   filed and served a *Notice and Opportunity for Hearing on Objection to Claims by Owners* (the

4   "Notice"). The Notice provides that any opposition or request for hearing on the Objection must

5   be filed and served within 30 days of the Notice. [Dkt. Nos. 859 and 871]. On Friday,

6   November 30, 2018, Claimant Earl F. Moore, acting in *propria persona*, filed an opposition to

7   the Objection in which he requested an additional 30 days to amend the claims and submit a

8   supplemental brief in support of his asserted claims. [Dkt. No. 895].

9          PLEASE TAKE FURTHER NOTICE that pursuant to Bankruptcy Local Rule 3007-1,

10  where a factual dispute is involved, the initial hearing on an objection shall be deemed a status

11  conference at which the Court will not receive evidence. Where the objection involves only a

12  matter a law, the matter may be argued at the initial hearing. The Liquidating Trustee believes

13  no significant factual disputes exists as to Mr. Moore's claim and that the issues presented in the

14  Objection are solely questions of law. Mr. Moore's claims arise from his Associate Agreement

15  with the Debtor under which he was admitted as an "associate of the Cooperative." Mr. Moore's

16  claims are for alleged deficiencies in the benefits afforded to him as an associate member of the

17  Debtor. Membership interests in the Debtor were included within Class 5 of the confirmed plan.

18  Pursuant to the confirmed plan, Class 5 claims "shall receive nothing." [Dkt. No. 753].

19  Therefore, the Liquidating Trustee believes it would be futile to allow further briefing on the

20  objection to Mr. Moore's claim. In light of Mr. Moore's request, however, the Liquidating

21  Trustee asks that the hearing be treated as an initial status conference. The Liquidating Trustee

22  reserves his right to further object on any grounds to the extent that the Mr. Moore is allowed to

23  amend or supplement his claims.

24  Dated: December 19, 2018              MICHELSON LAW GROUP

25

26                                      By: _____ */s / Randy Michelson*_____
                                              Randy Michelson
27                                            Attorneys for Liquidating Trustee
                                              Randy Sugarman
28

NOTICE OF HEARING ON OBJECTION TO CLAIMS BY EARL F. MOORE

2

```
1    MICHELSON LAW GROUP
     Randy Michelson (SBN 114095)
2    220 Montgomery Street, Suite 2100
     San Francisco, CA 94104
3    Telephone: 415.512.8600
     Facsimile: 415.512.8601
4    Email:    randy.michelson@michelsonlawgroup.com

5    Attorneys for Liquidating Trustee
     Randy Sugarman
6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11   In re                                    Case No. 16-30063 DM

12   YELLOW CAB COOPERATIVE, INC.,            Chapter 11

13                    Debtor.                  PROOF OF SERVICE

14

15           I am over eighteen years of age, not a party in this action, and employed in 220

16   Montgomery Street, Suite 2100, San Francisco, CA 94104. I am readily familiar with the

17   practice of this office for collection and processing of correspondence for mail/fax/hand

18   delivery/next business day delivery, and they are deposited that same day in the ordinary course

19   of business.

20           On December 19, 2018, I served the:

21   NOTICE OF HEARING ON LIQUIDATING TRUSTEE'S OBJECTION
     TO CLAIMS BY EARL F. MOORE (CLAIM NOS. 273 and 274)
22

23

24   ☐   (BY FAX) on _____ , at _____ ____ m, by transmitting via
         facsimile the document(s) listed above to the fax number(s) set forth below on this
25       date. The facsimile machine I used complied with California Rules of Court, Rule
         2003(3) and the transmission was reported as complete and without error by the
26       machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the
         machine to print a transmission record of the transmission, a copy of which is
27       attached to this declaration.

28
                              PROOF OF SERVICE
```

| | | |
|---|---|---|
| 1 | | (BY MAIL) by causing a true and correct copy of the above to be placed in the |
| 2 | ☒ | United States Mail at Indio, California, in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for |
| 3 | | collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service |
| 4 | | the same day it is left for collection and processing in the ordinary course of business. |
| 5 | | |
| 6 | ☐ | (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by  in sealed envelope(s) with all fees prepaid at the address(es) set forth below. |
| 7 | | |
| 8 | ☐ | (PERSONAL SERVICE) by causing a true and correct copy of the above documents to be hand delivered in sealed envelope(s) with all fees fully paid to the |
| 9 | | person(s) at the address(es) set forth below. |
| 10 | ☐ | (VIA EMAIL) by transmitting a true and correct copy via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email |
| 11 | | address(es) set forth below. |
| 12 | ☐ | (VIA LEXISNEXIS) by causing a true and correct copy of the document(s) listed above to be sent via electronic transmission through LexisNexis File & Serve to |
| 13 | | the person(s) at the address(es) set forth below. |

14

### SEE ATTACHED SERVICE LIST

15
    I declare under penalty of perjury under the laws of the United States that the

16
foregoing is true and correct and that this declaration was executed on December 19, 2018 at

17
Indio, California.

18

19
                                         / s / Randy Michelson

20
                                          Randy Michelson

21

22

23

24

25

26

27

28

PROOF OF SERVICE
2

1

<u>**SERVICE LIST**</u>

2

3 Earl F. Moore
88 Ignacio Avenue
4 San Francisco, CA  94124

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

3

1  Earl Moore
   88 Ignacio Avenue
2  San Francisco, CA 94124
   (415) 467-0787
3
   In Pro per
4

5              UNITED STATES BANKRUPTCY COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7  EARL MOORE,                          Case No.: 16-30063 DM

8              Petitioner/Claimant,

9  vs.                                  **RENEWED MOTION FOR ADDITIONAL TIME
                                        TO AMEND AND FILE CLAIMS AND SUBMIT
10 YELLOW CAB COOPERATIVE INC.,         BRIEF SUPPORTING OPPOSITION TO
                                        TRUSTEE'S OBJECTION; MOTION TO TAKE
11             Debtor/Respondent        OFF CALENDAR HEARING NOTICED FOR
                                        DECEMBER 28**

12

13

14                                      Date:   December 28, 2018
                                        Time:   1:30 PM
15                                      Place:  450 Golden Gate Avenue
                                                Courtroom 17, 16th Floor
16                                              San Francisco, CA 94102

17

18

19         I the undersigned, declare that I reside in the City of San Francisco, County of San Francisco,

20 California. I am over the age of 18 and am not a party to this action.

21         On December 27, 2018, the Opposition the Trustees Objection to Claim via US Mail and

22 Electronic Service to the following:

23             U.S. Trustee                      Michelson Law Group
               1301 Clay Street                  Randy Michelson
24             Oakland, CA 94612-5202            220 Montgomery Street, Suite 2100
                                                 San Francisco, CA 94104
25

26         Dated this 27th day of December 2018

27

28 RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF
   SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING
   NOTICED FOR DECEMBER 28 - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RENEWED MOTION FOR ADDITIONAL TIME TO AMEND AND FILE CLAIMS AND SUBMIT BRIEF
SUPPORTING OPPOSITION TO TRUSTEE'S OBJECTION; MOTION TO TAKE OFF CALENDAR HEARING
NOTICED FOR DECEMBER 28 - 2

Case: 16-30063    Doc# 951    Filed: 12/28/18    Entered: 12/28/18 11:54:43    Page 25 of
25